NOT FOR PUBLICATION

FILED

MAY 28 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   WW-12-1443-MkKiJu |
| DEVON MCKENNA and CYNTHIA MCKENNA | Bk. No.   11-48292-BDL |
|         Debtors. | |
| DEVON MCKENNA; CYNTHIA MCKENNA | |
|         Appellants, | |
| v. | **MEMORANDUM**[*] |
| PNC BANK, N.A.; MICHAEL D. HITT, Chapter 7 Trustee, | |
|         Appellees. | |

Submitted Without Oral Argument
on May 16, 2013

Filed – May 28, 2013

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Brian D. Lynch, Bankruptcy Judge, Presiding

Appearances:     Appellants Devon McKenna and Cynthia McKenna, pro se, on brief; Michelle R. Riel of RCO Legal, P.S., on brief, for appellee PNC Bank, N.A.

Before:   MARKELL, KIRSCHER and JURY, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

## I.  INTRODUCTION[**]

Appellants Devon McKenna and Cynthia McKenna ("McKennas") appeal the bankruptcy court's Order Granting Relief from Stay ("Relief Order"), which terminated the automatic stay as to PNC Bank, N.A. ("PNC") based on § 362(d)(1) and (2).[1] We AFFIRM.

## II.  FACTS

The McKennas filed a chapter 7 bankruptcy petition on October 21, 2011. Prior to their bankruptcy filing, Commonwealth United Mortgage ("Commonwealth") foreclosed on the McKennas' residence ("Property") and purchased the Property at the trustee's sale. The trustee's deed conveying the Property to Commonwealth was recorded on June 3, 2008.

The McKennas attempted to have the foreclosure sale deemed void in federal and state court actions, but were unsuccessful.

After more than three years of litigation surrounding the foreclosure, the McKennas continued to reside in the Property and filed for bankruptcy. In the interim period between the foreclosure and bankruptcy filing, PNC had become the successor in interest to Commonwealth through multiple mergers.

On November 29, 2011, PNC filed a motion for relief from the

---

[**]We have exercised our discretion to independently review several electronically filed documents in the McKennas' underlying bankruptcy case and adversary proceeding in order to develop a fuller understanding of the record. See O'Rourke v. Seaboard Sur. Co. (In re E. R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. References to "FRCP" are to the Federal Rules of Civil Procedure, Rules 1–86.

2

automatic stay as to the Property. That motion was denied on February 6, 2012.

PNC filed a second motion for relief from stay ("Relief Motion") on July 12, 2012. PNC requested relief from stay under § 362(d)(1) and (2) so that it could pursue unlawful detainer and evict the McKennas.

PNC argued that cause existed for stay relief under § 362(d)(1) because the McKennas no longer held an interest in the Property after the trustee's sale. Because they were no longer the Property's owners, the McKennas could not have equity, and their continued occupation of the residence inhibited PNC from preserving the Property.

As to relief being warranted under § 362(d)(2), PNC again asserted that the McKennas had no equity in the Property and noted that the Property could not be necessary to an effective reorganization because they had no interest in it.

Several supporting documents were attached to the Relief Motion. The recorded trustee's deed evidencing the Property's conveyance to Commonwealth was attached. There was also a declaration of Trisha Payton ("Payton"), an employee and authorized signer of PNC. In the declaration, Payton stated that she was trained in reviewing PNC's business records regarding loans. She further attested that Commonwealth was a division of National City Bank ("NCB") Indiana, which merged into NCB Ohio, effective July 22, 2006. NCB Ohio merged with PNC, effective November 6, 2009. To support her assertions, Payton attached the official certification of the Comptroller of Currency detailing the mergers and a Federal Deposit Insurance Corporation history

3

for NCB Indiana, which identifies NCB Indiana as a part of PNC.

The McKennas opposed the Relief Motion, arguing that (1) Payton's declaration was inadmissible because of her lack of personal knowledge and because it was false, (2) PNC was not their lender and had no standing to move for relief, (3) PNC had violated the Truth in Lending Act ("TILA"), (4) the deed of trust and trustee's sale were void, and (5) there had been an appeal to this Panel of the bankruptcy court's order dismissing their wrongful foreclosure claim, therefore, ruling on the Relief Motion would be improper.[2]

The bankruptcy court heard PNC and Mr. McKenna's arguments regarding the Relief Motion on August 8, 2012.[3] At the conclusion of the hearing, the court granted PNC's Relief Motion, stating:

> The foreclosure sale was held on May 23rd, 2009.[4] This bankruptcy was filed October 21st, 2011. The debtors filed an adversary against Commonwealth United seeking to invalidate the foreclosure sale. I dismissed the action on various grounds, including the fact that the debtors had already challenged the foreclosure sale in state court and had lost, and I was precluded from rehearing that issue.
>
> PNC Bank, which is Commonwealth United's successor by merger, seeks relief from stay to proceed with the state law eviction remedies pursuant to its trustee's deed. There's no equity in the property for the bankruptcy estate. It's not necessary for an effective reorganization. In addition, there is cause for

---

[2]The McKennas did not obtain a stay pending their appeal of the order dismissing their wrongful foreclosure claim.

[3]During the hearing, PNC made an argument that the automatic stay had lapsed because the McKennas received a discharge in March of 2012. The bankruptcy did not rule on that argument.

[4]The bankruptcy court misstated that the foreclosure sale occurred in 2009. The trustee's deed reflects that the year was 2008.

4

granting relief, as the debtors continue to live in the property, despite a three-year-old foreclosure, and PNC Bank's interest is not adequately protected. Mr. McKenna has already acknowledged that he does not maintain insurance on the property, nor has he paid the taxes on the property since foreclosure.

The debtors argue that the appeal of my order dismissing the adversary should somehow prevent PNC Bank from proceeding with eviction. However, absent a stay by the Court, the appeal does not stay the lender's rights pursuant to its foreclosure. I'll grant the motion of the creditor.

The bankruptcy court entered the Relief Order on August 14, 2012, which the McKennas appealed.

On appeal, the McKennas argue that PNC's counsel was improperly allowed to argue the Relief Motion without a representative of PNC being present. They contend this violated their right to confront their accuser and contravenes <u>Trinsey v. Pagliaro</u>, 229 F.Supp. 647 (E.D. Penn. 1964) and <u>Cinco Enters., Inc. v. Benso</u>, 890 P.2d 866 (Okla. 1994). They also assert that the Relief Motion was not supported by evidence or testimony, but rather the misrepresentations of PNC's counsel. Their two remaining arguments are that PNC lacked standing to file the Relief Motion and that the bankruptcy court was prejudiced against them.

### III.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

### IV.  ISSUE

A.  Did PNC have standing to seek relief from the automatic stay?

B.  Did the bankruptcy court commit reversible error by granting PNC relief from stay based on § 362(d)(1) and (2) when the

5

McKennas' residence had been sold at a trustee's sale more than three years before they filed for bankruptcy?

### V.    STANDARDS OF REVIEW

We review standing de novo. Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 905 (9th Cir. BAP 2011) (citations omitted).

Orders granting relief from the automatic stay are subject to abuse of discretion review. Id. at 915 (citation omitted). The appellate court makes two inquiries to determine if an abuse of discretion has occurred: (1) did the court apply the correct legal standard; and (2) were the court's factual findings clearly erroneous. Id. (citation omitted).

Whether the correct legal standard was applied is reviewed de novo. Id. (citation omitted). Application of an incorrect legal standard is an abuse of discretion. Id. (citation omitted).

Factual findings are clearly erroneous if they are illogical, implausible, or unsupported by the record. Id. (citations and quotations omitted).

### VI.    DISCUSSION

**A.    Standing and Colorable Claim for Relief**

Standing is required in every federal case and determines whether the court may entertain the proceeding. Veal, 450 B.R. at 906. Standing has both constitutional and prudential dimensions. Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100, 103 (9th Cir. BAP 2011).

"Constitutional standing requires an injury in fact, which is caused by or fairly traceable to some conduct or some statutory prohibition, and which the requested relief will

6

likely redress." Veal, 450 B.R. at 906.

In this case, PNC suffered an injury in fact because the automatic stay restricted its pursuit of remedies to obtain possession of the Property. Causation existed between the stay and PNC's inability to evict the McKennas and gain possession. The Relief Order addressed and remedied PNC's injury.

Prudential standing is implicated in the real party in interest requirement under FRCP 17. Id. at 907. In this case, the relevant inquiry is whether PNC asserted its own rights as opposed to the rights of others. Id.

Commonwealth was conveyed title to the Property prepetition. By the time the McKennas filed for bankruptcy, PNC had become owner of the Property, based on mergers tracing from Commonwealth to PNC. Thus, PNC was asserting its own rights when it sought relief from the stay.

To summarize, PNC had both constitutional and prudential standing to file the Relief Motion. It was not a reversible error for the bankruptcy court to allow PNC to prosecute the motion as Commonwealth's successor.

A party moving for relief from stay must demonstrate that it has a colorable claim to enforce its rights against estate property. Veal, 450 B.R. 897, 914–15. Under Washington law, physical delivery of the trustee's deed to the grantee conveys the rights to the real or personal property sold to the grantee. WASH. REV. CODE ANN. § 61.24.050(1)

Here, PNC met its burden to establish a colorable claim by proving that Commonwealth acquired ownership interest in the Property as grantee, and that PNC was Commonwealth's successor in

7

interest.

**B.    Relief from the Automatic Stay**

A bankruptcy court must grant relief from the automatic stay when a party in interest demonstrates cause under § 362(d)(1). Cause for relief exists "[w]hen state law foreclosure proceedings have been completed prepetition," and the new owner seeks to obtain possession of the property, for example, through an eviction action. Baghdasarian v. SRT Partners, LLC (In re Baghdasarian), BAP No. CC-10-1277-DMkKi, 2011 WL 4485244, at *6 (9th Cir. BAP July 8, 2011).

In addition, pursuant to § 362(d)(2), relief from stay is warranted when the debtor lacks equity in the subject property and the property is not necessary to an effective reorganization. The party seeking relief from stay bears the burden of showing a lack of equity, but the debtor carries the burden of demonstrating the necessity of the property to an effective reorganization. § 362(g)(1) and (2).

If a debtor loses ownership interest in property through foreclosure, there is no claim to equity in that property. Baghdasarian, 2011 WL 4485244, at *6. Moreover, reorganization of debts is not contemplated for chapter 7 cases. Nev. Nat'l Bank v. Casqul of Nev., Inc. (In re Casqul of Nev., Inc.), 22 B.R. 65, 66 (9th Cir. BAP 1982) (citation omitted).

The bankruptcy applied the correct standards under § 362(d)(1) and (2) when determining if cause existed to grant PNC relief from stay, and if the McKennas had equity in the Property or if it was necessary for effective reorganization.

The question is then whether the bankruptcy court's factual

8

findings to support granting relief from stay under those provisions were clearly erroneous. We find that they were not.

The court found that the McKennas were still living in the Property more than three years after foreclosure. It also noted that PNC was the successor in interest to Commonwealth, who obtained title to the Property by trustee's deed. These facts could be drawn from Payton's declaration and supporting documentation regarding the mergers from Commonwealth to PNC and the trustee's deed.

The McKennas argued in their opposition to the Relief Motion and at the hearing on the motion that Payton lacked personal knowledge regarding the matters she attested to, and that she was not a person who could make a declaration on behalf of PNC because she was not a party. The bankruptcy court's determination to allow Payton's declaration into the record over the McKennas' objection is an evidentiary ruling to which we grant considerable deference. Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008). Mr. McKenna argued at the hearing that Payton did not establish that she had personal knowledge of bank mergers; however, Payton stated that she was trained to review PNC's business records, which plausibly would include the documentation of its mergers, and the records of those companies with which it merged, i.e., the records of NCB Indiana and Ohio and Commonwealth.

Also at the hearing, Mr. McKenna expressed confusion as to how Payton could be both a non-party and authorized signer for PNC. The explanation is that Payton is not personally a party to the Relief Motion, but PNC authorized her to sign on its behalf

9

for purposes of the motion. Her lack of personal involvement with the matter did not make her ineligible to submit a declaration as employee of PNC, and sign on PNC's behalf as authorized.

Based on the foregoing, none of the bankruptcy court's factual findings as to whether cause existed to grant stay relief were illogical, implausible or unsupported by the record.

In addition, the bankruptcy court's findings that the McKennas lacked equity and that the Property was not necessary to an effective reorganization logically followed from the evidence of the prepetition foreclosure sale and the fact that the McKennas are in a chapter 7 bankruptcy.

In conclusion, the bankruptcy court did not abuse its discretion when it granted PNC relief from the automatic stay pursuant to § 362(d)(1) and (2).

**C.    The McKennas' Remaining Arguments**

The bankruptcy court did not err by allowing PNC's counsel to argue the Relief Motion without a representative from PNC present. PNC, as a corporation, was required to appear by counsel, In re Jacobson, 402 B.R. 359, 364 (Bankr. W.D. Wash. 2009) (citing Rowland v. Cal. Men's Colony, 506 U.S. 194 (1993)), and there was sufficient evidence submitted prior to the hearing to support the Relief Motion as found above.[5]

Moreover, neither Trinsey, 229 F.Supp. 647, nor Cinco Enters., 890 P.2d 866, stand for the McKennas' proposition that a

---

[5]In addition, if the McKennas wanted to submit oral testimony, they were required to request a special hearing setting. Bankr. W.D. Wash. R. 9013-1(a), (e)(2). The record does not reflect any such request.

10

client must be present at every hearing.

As to their next argument, the McKennas had no right to confront their purported accuser, PNC, because the bankruptcy proceeding and the Relief Motion were civil matters, and the Sixth Amendment right to confrontation of witnesses only applies in criminal cases. <u>Manta v. Mukasey</u>, No. 04-74623, 263 F. App'x 626, 629 (9th Cir. Jan. 16, 2008).

The McKennas' final argument is without merit because they failed to bring attention to any actions by the bankruptcy court evidencing prejudice.

## VII. CONCLUSION

For all of the reasons set forth above, we AFFIRM the bankruptcy court's Relief Order.