[Cite as *State v. Gilbert*, 2014-Ohio-1976.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    2013 CA 34 |
| v. | : | T.C. NO.    12CR421 |
| JOSEPH N. GILBERT | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____9th____ day of ____May____, 2014.

. . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 W. Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee


SCOTT A. ASHELMAN, Atty. Reg. No. 0074325, 703 Liberty Tower, 120 W. Second Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    On December 27, 2012, appellant entered not guilty pleas to one count of

rape (felony of the first degree) and one count of gross sexual imposition (felony of the third degree). On January 25, 2013, appellant entered no contest pleas to both counts of his indictment and was found guilty of both counts.

{¶ 2}     Appellant waived his right to a pre-sentence investigation, and the trial court sentenced appellant to 15 years to life on Count I and 5 years on Count II to be served concurrent to the sentence in Count I. Furthermore, the court imposed a fine of $10,000 on Count I.

{¶ 3}     The appellant's sole assignment of error states   "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO MERGE THE SENTENCES IMPOSED ON THE TWO COUNTS OF THE INDICTMENT PURSUANT TO O.R.C. §2941.25 WHEN THOSE WERE ALLIED OFFENSES OF SIMILAR IMPORT AND THIS FAILURE AMOUNTED TO PLAIN ERROR."

{¶ 4}     The appellant argues that the trial court failed to conduct a hearing to determine if the charges of Rape and Gross Sexual Imposition should be merged for purposes of sentencing. He requests that "this matter be remanded to the trial court for further proceedings to determine whether or not the charges against him should merge." The state has filed a brief in which it concedes error in regards to "the trial court failing to determine whether the offenses are allied offenses of similar import under R.C. §2941.25."

{¶ 5}     "When the plea agreement is silent on the issue of allied offenses of similar import the trial court is obligated under R.C. §2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29. The trial court failed to do so and

absent a statement of facts and/or pre-sentence report we are unable to decide the issue of merger. The State concedes error. The remedy is to remand the case to the trial court for a hearing on the issue of merger. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶ 6} This case is remanded for a hearing on the issue of merger.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Janna L. Parker
Scott A. Ashelman
Hon. Christopher Gee