[Cite as *KeyBank Natl. Assn. v. Harrison*, 2015-Ohio-3264.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| KEYBANK NATIONAL ASSOCIATION | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   26580 |
| | : | |
| v. | : | T.C. NO. 13CV7849 |
| | : | |
| TODD D. HARRISON, EXECUTOR OF | : | (Civil Appeal from |
| THE ESTATE OF KIDRICHARD | : |  Common Pleas Court) |
| WOODS, SR., et al. | : | |
| | : | |
| Defendant-Appellant | : | |
| | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___14th___ day of ____August____, 2015.

. . . . . . . . . . .

PHILLIP BARRAGATE, Atty. Reg. No. 0063017 and ASHLYN HEIDER, Atty. Reg. No.
0086074, 4805 Montgomery Rd., Suite 320, Norwood, Ohio 45212
        Attorneys for Plaintiff-Appellee

TODD D. HARRISON, 718 Heck Avenue, Dayton, Ohio 45417
        Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Todd Harrison, as executor[1] for the estate of Kidrichard Woods, Sr., appeals, pro se, from a judgment and decree of foreclosure issued by the Montgomery County Court of Common Pleas in favor of KeyBank National Association. For the following reasons, the trial court's judgment will be affirmed, as modified below, and the matter will be remanded to the trial court for the limited purpose of filing a corrected final judgment entry.

## I. Background and Procedural History

{¶ 2} In September 2007, Kidrichard Woods, Sr. ("Woods"), borrowed $85,750 from KeyBank N.A., executed a note for that amount, and secured the note with a mortgage on property located at 1517 Huffman Avenue. Woods died on December 24, 2012.

{¶ 3} On December 26, 2013, KeyBank brought a foreclosure action against Todd Harrison ("Harrison"), individually and as executor of Woods's estate, as well as eight other named individuals who, as Woods's actual or potential heirs, might have an interest in the Huffman Avenue property.[2] KeyBank also named the Montgomery County Treasurer, the United States of America, and HSBC Bank Nevada, N.A., as defendants. KeyBank alleged that Woods had defaulted on the note, and it sought

---

[1] Both parties and the trial court repeatedly refer to Todd Harrison as the executor of the estate of Kidrichard Woods, Sr. However, the probate court's entry appointing a fiduciary for Woods's estate, which is attached to Harrison's memorandum in opposition to KeyBank's motion for summary judgment, indicates that Woods died intestate and that Harrison was appointed administrator of the estate. *See* Harrison Exhibit A-A*; In re Estate of Woods*, Montgomery P.C. No. 2013 EST 5 (May 16, 2013). Although Harrison is more properly referred to as the estate's administrator, we will continue to refer to him as the executor of Woods's estate, so as to avoid confusion.

[2] The eight individuals were Melissa Harrison, Richard Harrison (aka Tariq Muhammed), Phillip Harrison, Kidrichard Woods, Jr., Gerald Woods, Deborah Woods, Angela Carson, and Felicia Hill. Their unknown spouses were also named as defendants.

judgment on the note, foreclosure of the mortgage, and the sale of the property.

{¶ 4} Service of the complaint and summons by certified mail was successful as to some defendants, but unsuccessful as to others. For those defendants upon whom certified mail service was unsuccessful, service was attempted by regular mail. Three of the heirs (Melissa Harrison, Deborah Woods, and Gerald Woods) and their unknown spouses were ultimately served by publication.

{¶ 5} The Montgomery County Treasurer, the United States, and two of the heirs (Angela Carson and Kidrichard Woods, Jr.) filed answers. Harrison twice sought an extension of time to file an answer, but did not file a pleading that he called an answer. However, Harrison's second motion to extend time to file answer, which was filed on March 25, 2014, answered the complaint in substance.

{¶ 6} On March 31, 2014, Harrison requested that the clerk serve subpoenas duces tecum on KeyBank and several non-parties. KeyBank moved to quash the subpoena, and the motion was granted by the trial court.

{¶ 7} In June 2014, KeyBank moved to add Midland Funding, LLC, as a party-defendant. The trial court granted the motion, and Midland Funding was served by certified mail.

{¶ 8} On August 8, 2014, KeyBank moved for summary judgment as to the Montgomery County Treasurer, the United States, Angela Carson, and Kidrichard Woods, Jr., and for a default judgment as to all non-answering defendants.

{¶ 9} On August 27, 2014, Harrison moved to dismiss KeyBank's complaint and to stay the proceedings, arguing that KeyBank had failed to serve James Smith, another heir to Woods's estate. On September 26, 2014, Harrison filed documents opposing

both the motion for summary judgment and the motion for default judgment.   On October 14, 2014, Harrison filed a motion to dismiss and to strike the motion for summary judgment.

{¶ 10}  On October 23, 2014, the trial court granted in part the motion for default judgment.  The court construed Harrison's March 25, 2014 motion as an answer for himself and for the estate, and denied the motion as to Harrison.   The court granted the motion for default judgment as to the remaining non-answering defendants.

{¶ 11}  In the same entry, the trial court also granted KeyBank's motion for summary judgment as to Harrison, the estate, the Montgomery County Treasurer, the United States, Angela Carson, and Kidrichard Woods, Jr.   The trial court found no genuine issues of material fact that Woods executed the note and mortgage, that KeyBank was the holder of the note and assignee of the mortgage, that the estate had defaulted on its obligations under the note and mortgage since May 1, 2013, and that the estate owed $79,886.05 plus interest.   The court noted in its decision that "its issuance of default judgment and summary judgment in favor of KeyBank will not be final for purposes of Civ.R. 54 until and unless KeyBank identifies, moves to add and serves any heirs who have not already been joined to this action."

{¶ 12}  On October 31, 2014, KeyBank moved to add James Smith as a party-defendant.   The court granted the motion, and Smith was served by certified mail in November 2014.   Smith subsequently moved to dismiss the complaint against him.   The trial court overruled the motion and ordered Smith to file an answer by January 5, 2015.  Smith did not file an answer.

{¶ 13}  On January 12, 2015, KeyBank moved for a default judgment against

Smith.   Harrison moved to strike the motion against Smith.

{¶ 14}   On January 20, 2015, the trial court entered a final judgment entry for foreclosure in rem, finding that all necessary parties had been served and that KeyBank was entitled to judgment on the note and a decree of foreclosure.

{¶ 15}   We note that on December 8, 2014, KeyBank reissued service by certified mail on Richard Harrison, aka Tariq Muhammed.   When that service was unsuccessful, KeyBank requested service by publication.   Service by publication was ordered on January 8, 2015.   According to the trial court's online docket, KeyBank provided proof of service by publication on February 2, 2015, after the trial court issued its final judgment entry.   Key Bank then sought a default judgment against Muhammed.   On March 19, 2015, the trial court issued another "final judgment entry for foreclosure in rem," addressing Muhammed's default and apparently entering judgment in favor of KeyBank on its claims.   This series of events is somewhat confusing, as there is a certified mail receipt, filed on January 2, 2014, indicating successful service by certified mail on Richard Harrison, aka Tariq Muhammed, on December 30, 2013.   Accordingly, we deem the January 20, 2015 judgment entry to be the final judgment entry in this case.

{¶ 16}   Harrison, as executor of Woods's estate, appeals from the trial court's January 20, 2015 judgment and decree of foreclosure in rem.   He raises nineteen assignments of error, which we will address in a manner that facilitate our analysis.

## II. Subject Matter Jurisdiction

{¶ 17}   Harrison's seventh assignment of error states: "The court erred in finding it had jurisdiction subject matter and over person."   In this assignment of error, Harrison asserts that the trial court lacked subject matter jurisdiction over KeyBank's foreclosure

action and over Harrison.

{¶ 18} The Supreme Court of Ohio recently addressed whether courts of common pleas have subject matter jurisdiction over foreclosure actions in *Bank of Am., N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040. It stated:

Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction. This latter jurisdictional category involves consideration of the rights of the parties. If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void.

Although courts created by statute, such as municipal courts, are a different matter, this case involves a constitutionally created common pleas court. Ohio's common pleas courts are endowed with "original jurisdiction over all justiciable matters * * * as may be provided by law." Article IV, Section 4(B), Ohio Constitution. Jurisdiction has been "provided by law" in R.C. 2305.01, which states that courts of common pleas have "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." This court has long held that the court of common pleas is a court of general jurisdiction, with

subject-matter jurisdiction that extends to "all matters at law and in equity that are not denied to it." We have also long held that actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas. * * *

(Citations omitted.) *Kuchta* at ¶ 19-20. The Supreme Court of Ohio has thus made clear that courts of common pleas, including the Montgomery County Court of Common Pleas, have subject matter jurisdiction over foreclosure actions, such as the case before us.

{¶ 19} Harrison further claims that the trial court lacked personal jurisdiction over him. In order to render a valid judgment, a court must have personal jurisdiction over the defendant. *Abuhilwa v. O'Brien*, 2d Dist. Montgomery No. 21603, 2007-Ohio-4328, ¶ 14. "Personal jurisdiction may only be acquired by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by an appearance that waives * * * certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure." *Id.*, citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984). "If service of process has not been properly accomplished or waived, any judgment rendered is void ab initio." *Goering v. Lacher*, 1st Dist. Hamilton No. C-110106, 2011-Ohio-5464, ¶ 9, citing *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 366-367, 721 N.E.2d 40 (2000).

{¶ 20} After service by certified mail was attempted unsuccessfully, Harrison was served with the summons and complaint by regular mail. After he was served, Harrison actively participated in the trial court proceedings, including the filing of an answer (the March 25, 2014 motion to extend time), numerous motions, and requests for subpoenas.

The record reflects that Harrison was properly served, and that he waived any objection to the trial court's exercise of personal jurisdiction over him.

{¶ 21} Harrison's seventh assignment of error is overruled.

### III. Finality and Other Defendants

{¶ 22} Harrison's thirteenth, fourteenth, seventeenth, and eighteenth assignments of error relate to whether the trial court properly acquired jurisdiction over two other defendants, James Smith and Richard Harrison (aka Tariq Muhammed), and the effect that the alleged failure to properly serve these defendants had on the finality of trial court's judgment.   The assignments of error state:

[13.] The court erred in finding it had jurisdiction subject matter over person of James Smith.

[14.] The courts erred ruling the estate was in default and that summary judgment should be ruled in KeyBank's favor will not be final for purposes of Civ.R. 54 until and unless KeyBank serves any heirs to the estate who have not already been added as defendants.

[17.] The trial court erred and is in violation of James Smith rights to answer the court order for default filed on January 8, 2015, thereafter, affecting the cut-off date in twelve 12 days executing an order for a final judgment in favor of KeyBank; thereafter, closing the estate foreclosure case.

[18.] The trial court erred and executing an order for a final judgment in favor of KeyBank on January 20, 2015; thereafter, closing the estate foreclosure case 39 days before the expiration date of the legal notice for Tariq Muhammed aka Richard D. Harrison to answer when the Dayton Daily

News publication date to answer was February 28, 2015 as the cut-off date.

{¶ 23} Harrison asserts that the trial court's judgment and decree of foreclosure is not final due to alleged errors in adding James Smith and Tariq Muhammed as defendants.

{¶ 24} In determining whether a judgment is final and appealable, we look to the judgment at issue. In its January 20, 2015 judgment entry, titled "Final Judgment Entry for Foreclosure in Rem," the trial court found that "all necessary parties have been served with summons according to law and are properly before the Court." The trial court listed Todd Harrison, Melissa Harrison, Richard Harrison aka Tariq Muhammed, Phillip Harrison, Gerald Woods, Deborah Woods, Felicia Hill, James Smith, their unknown spouses, HSBC Bank Nevada, N.A., Midland Funding, LLC, and the unknown spouses of Angela Carson and Kidrichard Woods, Jr., as defendants who had failed to file an answer and were found to be in default.[3] The trial court found that Kidrichard Woods, Jr., and Angela Carson each filed an answer disclaiming their interest in the property. The court stated that the United States had filed an answer and may have some interest in the property, and that taxes, assessments, and penalties were due the Treasurer of Montgomery County Ohio. The court reiterated that KeyBank's motions for summary judgment and for default judgment, which addressed all of the parties, were granted.

{¶ 25} The January 20, 2015 judgment entry entered judgment on the note in favor of KeyBank in the amount of $79,886.05, plus interest at the rate of 6.875 percent per annum from May 1, 2013. The court ordered that, unless the sums due were paid

---

[3] The trial court had previously construed Harrison's March 25, 2014 filing as an answer for the estate and on his own behalf. However, the court's apparent misstatement in the judgment entry that Harrison was in default for failing to answer does not affect the finality of the judgment.

within three days, the equity of redemption would be foreclosed and the premises sold. The entry set forth the order of distribution of the sale proceeds, as follows: (1) costs to the clerk of court, (2) any tax obligation to the Montgomery County Treasurer, (3) unpaid principal and interest to KeyBank, (4) amounts due to the "answering defendants," in order of priority, and (5) any remainder to be determined by further order of the court. The trial court ordered the clerk of court to serve notice of the judgment entry, pursuant to Civ.R. 58(B); the clerk issued the required notice the same day.

{¶ 26} The January 20, 2015, judgment resolves all of KeyBank's claims against all of the parties in the foreclosure action, and notice of the judgment was provided in accordance with Civ.R. 58(B). Accordingly, it is a final, appealable order.

{¶ 27} Harrison claims that the judgment is void, because the trial court did not properly acquire personal jurisdiction over James Smith and Tariq Muhammed. Any alleged errors in the service of summons must be raised by the aggrieved party (Smith and/or Muhammed, as appropriate). Even assuming, for sake of argument, that Smith and/or Muhammed were not properly served, that error would only affect the validity of the judgment as to Smith and/or Muhammed, not Harrison. Harrison cannot raise the argument on their behalf.

{¶ 28} Harrison's thirteenth, fourteenth, seventeenth, and eighteenth assignments of error are overruled.

### IV. Electronic Signature

{¶ 29} Harrison's nineteenth assignment of error states:

The trial court erred when all decision, orders and entries were all made by

a separate attached rubber stamped electronically order and signing page

of Michael L. Tucker were exactly the same that were made against all defendants and estate motions and other foreclosure cases is considered as robo-signing.

**{¶ 30}** Harrison challenges the validity of the trial court's orders, because the trial judge signed each entry electronically. We rejected this argument in *Huntington Natl. Bank v. Thompson*, 2014-Ohio-5168, 24 N.E.3d 621 (2d Dist.), saying:

R.C. Chapter 1306 is Ohio's Uniform Electronic Transactions Act. R.C. 1306.22 specifically provides that nothing in the Act shall be construed to "require" courts in Ohio "to use or permit the use of electronic records and electronic signatures." R.C. 1306.22(A). It further provides that courts "may adopt rules pertaining to the use of electronic records and electronic signatures." R.C. 1306.23(B).

The Montgomery County Court of Common Pleas, General Division, has adopted rules regarding electronic filing of documents. Local Rule 1.15 states that, "[e]xcept as otherwise provided * * *, all civil and criminal cases, including all pleadings, motions, briefs, memoranda of law, deposition transcripts, transcripts of proceedings, orders or other documents, shall be filed electronically through the Court's authorized electronic filing system ('eFile system'). * * * " This rule includes a requirement that the court eFile all court initiated filings. Local Rule 1.15(B).

Local Rule 1.15(F)(4)(e) addresses signatures of a judge or judicial officer. It states that "eFiled documents may be signed by a Judge or judicial officer via a digitized image of his or her signature combined with a

digital signature. All orders, decrees, judgments and other documents signed in this manner shall have the same force and effect as if the Judge had affixed his or her signature to a paper copy of the order and journalized it."

*Thompson* at ¶ 55-¶ 57.

**{¶ 31}** The trial court's signing and filing of documents electronically in this case was authorized by Local Rule and was not improper. Harrison's nineteenth assignment of error is overruled.

### V. Motions to Dismiss

**{¶ 32}** Harrison's twelfth and fifteenth assignments of error claim that the trial court erred in overruling his and Smith's motions to dismiss. Specifically, the assignments of error state:

[12.] The trial court erred when it did not rule on Defendant petition to dismiss and strike Atty Brian Duffy brief and summary judgment on the bases of *Trinsey v. Pagliaro*[,] D.C. Pa. 1964, 229 F. Supp. [647].

[15.] The trial [court] erred in overruling the estate and James Smith motions to dismiss, pursuant to Civ.R. 4(E) and Civ.R. 12(B)(1-thru-7).

**{¶ 33}** On August 19, 2014, Harrison moved to dismiss KeyBank's complaint, "pursuant to Civ.R. 3.01, 3.31, and 4." Harrison claimed that KeyBank had failed to name as a defendant and serve James Smith, an heir to Woods's estate. Harrison argued that the trial court was required to dismiss the complaint, because Smith was not served within six months of the filing of the complaint, as required by Civ.R. 4(E).

**{¶ 34}** KeyBank responded to the motion, stating that the six-month rule only

applied to defendants who were named in the caption of the complaint, and dismissal was appropriate only if the plaintiff's attempts to serve the named defendants were not diligent. KeyBank stated that it "had no indication James Smith was an heir or held an interest in this property. Notably, the name of James Smith does not appear on the Preliminary Judicial Report among those listed as Next of Kin for Kidrichard Woods, Sr. Additionally, Defendant [Harrison] previously filed an Answer on March 25, 2014 and failed to identify James Smith as a party holding an interest in the property."

{¶ 35} On October 23, 2014, the trial court overruled the motion to dismiss, noting that the Ohio Rules of Civil Procedure do not include Rules 3.01 or 3.31 and that Civ.R. 4 does not "warrant the relief he requests." The court noted that all defendants originally named in the complaint were served by April 16, 2014, and MidFunding, LLC, which was added by KeyBank as a defendant, was also served by that date. The trial court further noted that Harrison "neither identified the allegedly unserved heir before filing his motion * * * nor asserted failure to join a necessary party as an affirmative defense in the Estate's answer to the complaint."

{¶ 36} KeyBank moved to add Smith as a necessary party on October 31, 2014.

{¶ 37} We find no error in the trial court's ruling. Civ.R. 4(A) provides that, upon the filing of the complaint, the clerk shall "issue a summons for service upon each defendant *listed in the caption*." (Emphasis added.) Civ.R. 4(E), concerning the time limit for service, further provides:

> If a service of the summons and complaint is not made upon a defendant
> within six months after the filing of the complaint and the party on whose
> behalf such service was required cannot show good cause why such

service was not made within that period, the action shall be dismissed *as to that defendant* without prejudice upon the court's own initiative with notice to such party or upon motion. * * *

(Emphasis added.)

{¶ 38} Smith was not an original party to KeyBank's complaint and, because he was not named in the caption of the complaint, KeyBank was not required to serve him with the summons and complaint within six months of the filing of the complaint. Moreover, even if a party were not properly served under Civ.R. 4, such a failure by KeyBank would not warrant dismissal of the entire complaint. And, because Harrison was properly served with the complaint, there was no basis to dismiss the complaint as to Harrison under Civ.R. 4. The trial court properly determined that Harrison's motion was without merit.

{¶ 39} After Smith was added as a party-defendant, Smith also moved to dismiss the complaint against him; the trial court denied the motion on December 19, 2014. Smith did not appeal from the trial court's final judgment. Harrison cannot challenge the trial court's December 19, 2014 decision on Smith's behalf.

{¶ 40} Finally, Harrison claims that the trial court erred in denying his motion to dismiss and strike KeyBank's motion for summary judgment, which he filed on October 14, 2014. In his motion, Harrison argued that the statements of KeyBank's counsel were insufficient to support the motion for summary judgment. Harrison cited, among other cases, *Trinsey v. Pagliaro*, 229 F.Supp. 647 (E.D.Pa. 1964). The trial court did not expressly rule on this motion, but it implicitly overruled the motion by granting KeyBank's motion for summary judgment on October 23, 2014.

{¶ 41}  In this appeal, Harrison argues, citing *Trinsey*, that the trial court erred in denying his motion to dismiss and strike KeyBank's motion for summary judgment. *Trinsey* involved a dispute between two individuals regarding title to property.  Of relevance to this case is a statement in *Trinsey* that "[s]tatements of counsel in their briefs or argument[,] while enlightening to the Court[,] are not sufficient for purposes of granting a motion to dismiss or summary judgment."  *Trinsey*, 229 F.Supp. at 649.

{¶ 42}  While Harrison is correct that unsworn statements of counsel are not evidence to support a motion for summary judgment, that principle did not require the trial court to overrule KeyBank's motion.   KeyBank supported its motion with the affidavit of Michael Bitterman, Assistant Vice President of PHH Mortgage Corporation, the servicing agent for KeyBank, and other documentary evidence.   The trial court did not err in ruling on the motion for summary judgment on its merits.

{¶ 43}  Harrison's twelfth and fifteenth assignments of error are overruled.

### V. Discovery

{¶ 44}  Harrison's sixteenth assignment of error states:

Plaintiff-appellee KeyBank and its attorneys failed to answer, provide and

produce the estate with discovery pursuant to Civ.R. 26.   The Defendant

on January 6, 2015 filed for first request for production of documents

pursuant to Civ.R. 34 and first request for admissions pursuant to Civ.R. 32.

{¶ 45}  Harrison claims that KeyBank failed to respond to his discovery requests, which he filed on January 6, 2015.   However, the trial court had previously (on October 23, 2014) granted summary judgment to KeyBank against Harrison and Woods's estate. If Harrison required discovery in order to respond to KeyBank's motion for summary

judgment, he could have filed a motion, pursuant to Civ.R. 56(F), seeking additional time to conduct discovery. Harrison's request for discovery was untimely.

{¶ 46} Harrison's sixteenth assignment of error is overruled.

**VI. Standing**

{¶ 47} Harrison's third and fifth assignments of error claim that KeyBank lacked standing to bring its foreclosure action. The assignments of error state:

[3.] KeyBank and its attorney's [sic] violated the law by failing to following [sic] the proper transfer of chain of title from Countrywide Home Loan Inc. mortgagee and Bank of America mortgagee.

[5.] KeyBank and its attorney's [sic] violated the law by failing to file the corporate assignment of mortgage before filing its civil action, constitute not having standing. Therefore KeyBank didn't have stand[ing] to file foreclosure action against the estate; therefore, the courts did not have jurisdiction to hear the subject matter or make any rulings or orders that would stand against the estate, would be invalid.

{¶ 48} In order for KeyBank to have standing to bring its foreclosure action, KeyBank must have had an interest in the note or mortgage at the time it filed suit. *Bank of Am., N.A. v. Thompson*, 2d Dist. Montgomery No. 25952, 2014-Ohio-2300, ¶ 7, citing *Federal Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28. This court has held, however, that a party is not required to show that it *owned* a note at the time a foreclosure action is filed, where the party has a right to enforce the note and mortgage. *LaSalle Bank Natl. Assn. v. Brown*, 2014-Ohio-3261, 17 N.E.3d 81, ¶ 34 (2d Dist.); *Nationstar Mtge., L.L.C. v. West*, 2d Dist. Montgomery Nos.

25813, 25837, 2014-Ohio-735, ¶ 26.

{¶ 49} R.C. 1303.31(A) identifies three classes of persons who are "entitled to enforce" an instrument, such as a note: (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.C. 1303.38 or R.C. 1303.58(D). The term "holder" includes a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.C. 1301.201(B)(21)(a).

{¶ 50} Copies of the promissory note and mortgage were attached as Exhibits A and B to KeyBank's motion for summary judgment, filed on August 8, 2014. The note was made payable to KeyBank, the lender. The mortgage stated that KeyBank was the lender, but identified the mortgagee as Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for KeyBank. The mortgage was recorded in the Montgomery County Recorder's Office. On December 16, 2013, MERS executed a corporate assignment of mortgage to KeyBank. Michael Bitterman, Assistant Vice President of PHH Mortgage Corporation, the servicing agent for KeyBank, stated in his affidavit that exhibits were "true and accurate copies of the original instruments held by Plaintiff prior to the filing of and at all times during the pendency of this action."

{¶ 51} Harrison opposed KeyBank's summary judgment motion on September 26, 2014, in a document titled "Motion to Extend Pages for Summary Judgment." The trial court noted that Harrison's response was untimely and that it was not required to consider Harrison's memorandum and supporting documentation. However, the trial court indicated that it would "refer[ ] to the Estate's memoranda in opposition in the

interest of fully and fairly adjudicating KeyBank's motions."

{¶ 52} In his affidavit, Harrison acknowledged that his father purchased the Huffman Avenue property in September 2007, but he claimed that the mortgage loan belonged to Countrywide Home Loan Services. Harrison provided numerous documents in opposition to the summary judgment motion, including August 2007 correspondence from KeyBank to Woods, informing Woods that his application for a mortgage loan for 1517 Huffman Avenue had been approved and providing conditions that must be satisfied for the loan to close. The correspondence identified KeyBank as the lender, but stated that Woods's insurance policy must contain a mortgage clause stating:

> KeyBank National Association
>
> Its successors and/or assigns as their interest may appear
>
> c/o Countrywide Home Loans, Inc.
>
> P.O. Box 961206, FTWX-22
>
> Fort Worth, TX 76161
>
> Loan Number: * * *

A different, undated document indicated that the mortgage loan had been assigned to Countrywide Home Loans, Inc. and that Countrywide would service the loan; the document listed the KeyBank loan number, as well as a CHL number, * * *.

{¶ 53} Harrison's documentation also included copies of the note and mortgage, which are substantially similar to the documents provided by KeyBank. Both KeyBank's and Harrison's copies of the note and mortgage included the CHL number; Harrison's copy showed the KeyBank loan number, whereas KeyBank's exhibits redacted this

information.

**{¶ 54}** Even if we were to consider all of the documentation provided by Harrison on September 26, 2014, the record reflects that KeyBank was the lender for the mortgage loan and that KeyBank was the holder of the note. The mortgage originally named MERS as the mortgagee as nominee for KeyBank, and it appears that Countrywide may have serviced the loan at some point. However, the record reflects that KeyBank was assigned the mortgage by MERS on December 16, 2013, prior to instituting this action. Nothing in the record supports Harrison's contention that KeyBank lacked standing to file this foreclosure action on December 26, 2013.

**{¶ 55}** Harrison's third and fifth assignments of error are overruled.

### VII. Summary Judgment to KeyBank

**{¶ 56}** Harrison's remaining assignments of error – numbers one, two, four, six, eight, nine, ten and eleven – all challenge, in essence, the trial court's grant of summary judgment to KeyBank on the merits of its claims. The assignments of error read:

[1.] Appellant asserts that KeyBank did breach the contract when it failed to adhere to the mandatory terms, stipulations, and conditions of the contract between HUD and KeyBank that required Mr. Woods to sale [sic] property located at 718 Heck Ave, before acquiring possession of 1517 Huffman Ave upon the closing[.]

[2.] KeyBank violated federal law by fraudulent misrepresentation and fraudulent concealment when KeyBank knowingly knew that the loan from the Home Assistance Program VI from HUD under the commitments, terms and conditions did not allow ownership of real estate and knew that the

deed to 718 Heck Ave, had to reflect the sale of 718 Heck Ave, as evidence in order to satisfy all the requirements in the contract in which voided the entire process.

[4.] KeyBank violated federal law pursuant to 24 C.F.R. § 206.125 HUD regulations, guidelines, terms and commitments, requires the mortgagee to notify.

[6.] The trial court erred when it accepted Michael Bitterman rubber stamped affidavit in light of these signatures the higher courts has rule[d] that this type of signature are considered robo-signing.

[8.] The trial court erred when it granted summary judgment to KeyBank as there was a genuine issue of material fact whether KeyBank complied with HUD regulations and condition precedent to foreclosure, delivery of the note of default prior to acceleration as required by HUD regulations.

[9.] The trial court erred when it granted summary judgment to as KeyBank there was a genuine issue of material fact whether KeyBank had standing to sue without notifying HUD.

[10.] The trial court erred when it granted summary judgment to KeyBank as there were genuine issues of material fact on breach of contract, HUD regulations and KeyBank was not entitled to summary judgment on its complaint.

[11.] The trial court erred in granting KeyBank motion for summary judgment and in holding KeyBank is the owner and holder of Mr. Woods's note and mortgage.

{¶ 57} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Those materials include "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, filed in the action." *Id.* at 293; Civ.R. 56(C).

{¶ 58} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 59} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. "*De novo* review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no

genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co., Inc.*, 64 Ohio St.2d 116, 119-20, 413 N.E.2d 1187 (1980). Therefore, the trial court's decision is not granted deference by the reviewing appellate court. *Powell v. Rion*, 2012-Ohio-2665, 972 N.E.2d 159, ¶ 6 (2d Dist.).

{¶ 60} "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." (Citations omitted.) *Huntington Natl. Bank v. Payson*, 2d Dist. Montgomery No. 26396, 2014-Ohio-1976, ¶ 15.

{¶ 61} As an initial matter, KeyBank attached several unauthenticated documents to its motion for summary judgment. Harrison's response to KeyBank's motion also included numerous unauthenticated documents. KeyBank did not file a reply memorandum, and neither party objected to the trial court's consideration of the exhibits due to lack of authentication. Harrison did assert that KeyBank was required to provide the original note, but he did not question the authenticity of the business documents regarding the loan, such as the notice of default and the account statement. Accordingly, we will consider any authentication argument to be waived for purposes of this appeal. *See, e.g., Jackson v. McKinney*, 2d Dist. Montgomery No. 26288, 2015-Ohio-1977, ¶ 13, fn.2; *American Tax Funding, LLC v. Whitlow*, 2d Dist. Montgomery No. 23182, 2010-Ohio-3333, ¶ 13, fn. 3.

{¶ 62} As discussed above, KeyBank provided authenticated copies of the note, mortgage, and corporate assignment of mortgage. Those documents reflect that KeyBank was the holder of the note and mortgage when the complaint was filed. In his affidavit, Bitterman stated that "[p]ayments have not been made as required by the terms and conditions of said note and mortgage" and, as a result, "said note and mortgage are in default." Bitterman indicated that "there is presently due and owing thereon an unpaid principal balance of $79,886.05, with interest thereon at the Note rate of 6.875% per annum from May 1, 2013 plus sums advanced by Plaintiff pursuant to the terms of the Mortgage Deed for real estate taxes, hazard insurance premiums and property protection; and that said account is in default of payments as alleged in Plaintiff's Complaint." Attached as Exhibit D to Bitterman's affidavit was an unauthenticated copy of the customer account activity statement for Woods from August 2013 through August 2014, substantiating the principal balance due, as well as assessments and money expended by KeyBank during that time period. A copy of this statement and a July 3, 2013 letter from KeyBank to the estate providing the unpaid principal balance were also included in the documents attached to Harrison's memorandum in opposition to summary judgment. (Harrison Exhibits GGG and T-20.)

{¶ 63} Bitterman did not expressly state that KeyBank complied with all conditions precedent to filing suit, but he stated that KeyBank "has exercised the acceleration option contained in said Promissory Note and Mortgage Deed and has called due the entire unpaid principal balance now due and owing Plaintiff." KeyBank attached to its motion an unauthenticated letter dated September 30, 2013, from PHH Mortgage, the loan servicer, to Woods's estate, informing the estate that the loan was in

default for the June 1, 2013 payment, the amount to cure the default, and that failure to cure the default within 30 days would result in acceleration of the loan and possible foreclosure (KeyBank Exhibit E); a copy of the September 30 notice was also included in Harrison's exhibits (Harrison Exhibit HHH).

{¶ 64} Based on the evidence provided, KeyBank met its initial burden of providing evidence to support the granting of summary judgment in its favor on the note and mortgage.

{¶ 65} Harrison's affidavit in support of his memorandum in opposition to the motion for summary judgment acknowledged that on September 5, 2009, Woods signed a note and mortgage concerning the Huffman Avenue property. Harrison further acknowledged that he received a letter from KeyBank in July 2013, indicating that the unpaid principal balance was $79,866.05.

{¶ 66} Harrison nevertheless claims that the trial court erred in granting summary judgment to KeyBank for several reasons. First, Harrison challenges the validity of the note and mortgage, claiming that KeyBank entered into a fraudulent transaction concerning HUD. Harrison's argument appears to be based primarily on the letter from KeyBank to Woods approving his loan application. According to that letter, Woods was approved for a "Home Assist Program VI" loan. One of the conditions for closing on the loan stated: "Borrower to note: HUD 1 sale of current residence is required at closing a[s] this loan program does not allow ownership in any real estate." Harrison claims that the note and mortgage are void, because Woods owned another property on Heck Avenue (Woods's primary residence) when the note and mortgage were signed, and Woods continued to live in and own the Heck Avenue property until his death.

**{¶ 67}** Although the loan approval letter refers to a Home Assist Program VI loan and includes a requirement that Woods sell his other real estate before closing on the Huffman Avenue property, there is nothing in the note or mortgage for the Huffman Avenue property that suggests that Woods actually received a HUD loan. The settlement statement indicates that Woods received a conventional uninsured loan. Neither the note nor mortgage references HUD, and there are no provisions requiring Woods or KeyBank (the lender) to comply with any HUD regulations. Harrison provided information from Wikipedia about the HOPE VI program but, even if we were allowed to consider such material, he does not provide any indication that Woods actually received a loan under that program, which appears to provide funding to public housing authorities.

**{¶ 68}** Moreover, as stated by the trial court, "Woods would have been the party responsible for complying with the requirement that the property at 718 Heck Avenue be sold, and even assuming that the terms of the Commitment Letter are relevant, KeyBank would not have waived its rights under the Note and the Mortgage by electing not to exercise its 'right to withdraw' on the basis of the alleged breach." In short, Harrison has not demonstrated that a genuine issue of material fact exists as to the validity of the note and mortgage; there is no evidence to support Harrison's claim that KeyBank committed a fraud on HUD, resulting in the invalidation of Woods's note and mortgage with KeyBank.

**{¶ 69}** Second, Harrison claims that KeyBank violated federal law by failing to provide the necessary notices of default and acceleration to the estate and HUD, pursuant to 24 C.F.R. 206.125. Part 206 of the Code of Federal Regulations, Title 24, concerns the Home Equity Conversion Mortgage Insurance program, or reverse mortgages. Woods's note and mortgage did not involve a reverse mortgage, and the

regulatory provisions in 24 C.F.R. Part 206 did not apply. Moreover, as stated above, the record demonstrates that KeyBank provided the required notice of default and acceleration to Harrison, as required by the note and mortgage. Harrison has failed to create a genuine issue of material fact that KeyBank's notices were inadequate.

**{¶ 70}** Third, Harrison claims that Bitterman's affidavit should not be credited, because Bitterman is a robo-signer. To support this claim, Harrison provided a computer print-off of a list of Facebook profiles for people named "Michael Bitterman." One of the ten profiles indicated that the individual worked at PHH Mortgage; no other information about this Michael Bitterman was provided. Even if we considered this evidence, Harrison has provided no evidence that Bitterman was a robo-signer and that his (Bitterman's) affidavit was not based on personal knowledge.

**{¶ 71}** Upon review of KeyBank's motion for summary judgment, Harrison's response to that motion, and the documents attached to those filings by the parties, we conclude that KeyBank has established, as a matter of law, that it was entitled to summary judgment on its claims for judgment on the note and a decree of foreclosure. The trial court did not err in granting KeyBank's motion for summary judgment.

**{¶ 72}** Harrison's first, second, fourth, sixth, eighth, ninth, tenth and eleventh assignments of error are overruled.

## VIII. Conclusion

**{¶ 73}** The trial court's judgment entry indicates that Todd Harrison was "in default of Answer or other pleading and thereby confess[es] the allegations of the Complaint to be true." However, in denying in part KeyBank's motion for default judgment, the trial court construed Harrison's March 25, 2014 filing as an answer on his

own behalf and on behalf of the estate of Woods; the trial court entered summary judgment, not a default judgment, against Harrison and the estate. Accordingly, the judgment entry should be corrected to reflect that Todd Harrison, individually and on behalf of Woods's estate, filed an answer and that Harrison and the estate were not defaulting parties.

**{¶ 74}** The trial court's judgment will be affirmed, as modified, and the matter will be remanded to the trial court for the limited purpose of filing a corrected final judgment entry.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Phillip Barragate
Ashlyn Heider
Todd D. Harrison
Midland Funding LLC
Nolan Thomas
Gregory Dunsky
Angela Carson
Felicia Hill
James Smith
Kidrichard Woods, Jr.
Melissa Harrison
Phillip Harrison
Richard Harrison-Tariq Muhammed
Hon. Michael L. Tucker