OPINION
{¶ 1} Appellant, Daniel L. O'Brien, appeals the judgment of the Montgomery County Common Pleas Court entering default judgment against him in the amount of $100,000. O'Brien claims that the trial court erred because it did not have jurisdiction over him, because the trial court failed to conduct an evidentiary hearing on the damages, because the judgment violates Civ.R. 37(B)(2), and because the damage *Page 2 
award is not supported by sufficient evidence. We find that the trial court never obtained personal jurisdiction over O'Brien. Therefore, we reverse the judgment of the Montgomery County Common Pleas Court.
 {¶ 2} The following facts are pertinent to the instant matter: On August 31, 2004, Abuhilwa filed a pro se complaint alleging legal malpractice against Daniel L. O'Brien. The record reflects that certified mail service was attempted on O'Brien, and that on September 13, 2004, service was returned "unclaimed."
 {¶ 3} On October 21, 2004, the trial court gave Abulhiwa notice that alternative methods of service needed to be attempted, and that failure to respond to the notice would result in an administrative dismissal of the action. In response, on October 24, 2004, Abulhiwa filed a precipe with the clerk requesting service be issued to Abulhiwa's private investigator pursuant to Civ.R. 4. While the record reflects no court order designating the private investigator to serve process as required by Civ. R. 4(B), it appears that the summons was issued by the clerk to the investigator on September 11, 2004. On January 3, 2005, the private investigator returned the summons to the court unserved because he could not locate O'Brien.
 {¶ 4} On both December 29, 2004, and January 5, 2005, Abulhiwa filed motions requesting service by publication pursuant to Civ.R. 4.4. The record reflects no further action on this attempt at service, and no return showing service.
 {¶ 5} On January 10, 2005, the defendant's father, Daniel J. O'Brien, as "interim counsel," filed a motion with the court for leave to file an answer on the defendant's behalf. The trial court granted the motion on February 1, 2005, allowing thirty days to move, answer, or otherwise plead. On May 9, 2005, O'Brien's interim *Page 3 
counsel filed another motion for leave to file an answer. And, on June 21, 2005, Abulhiwa filed a motion for default judgment. The trial court entered judgment on July 21, 2005, stating that a hearing would be conducted on the motion for default at a date to be determined in September 2005.
 {¶ 6} On August 11, 2005, O'Brien filed an answer raising the affirmative defense of lack of jurisdiction, and the trial court thereafter granted leave to file the answer on August 30, 2005. Subsequently, the trial court entered a judgment setting deadlines for completion of discovery, summary judgment, and a further status conference.
 {¶ 7} The record reflects no further participation by O'Brien himself, or through counsel, thereafter. The trial court continued to rule on pretrial motions submitted by the plaintiff, to which O'Brien failed to respond. On January 3, 2006, in response to a motion filed by Abulhiwa, the trial court ordered O'Brien to respond to discovery by January 15, 2006, or to suffer sanctions. And, on March 7, 2006, the trial court ordered O'Brien to show cause why he had not yet complied with the court's order compelling discovery. Finally, on April 12, 2006, the trial court, finding that O'Brien had failed to respond to the show cause order, entered default judgment against O'Brien in the amount of $100,000 and costs. The default judgment was granted without hearing and without notice to O'Brien.
 {¶ 8} It is from this judgment that O'Brien prosecutes this timely appeal setting forth five assignments of error.
 First Assignment of Error *Page 4 {¶ 9} "The Trial Court erred in entering a default judgment since it did not have jurisdiction over the person of the appellant."
 Second Assignment of Error {¶ 10} "The trial court erred and abused its discretion when, without holding an evidentiary hearing to determine the amount of damages, it entered a default judgment awarding damages."
 Third Assignment of Error {¶ 11} "The Trial Court erred and abused its discretion when, without sufficient evidence, it awarded excessive damages in the amount of $100,000."
 Fourth Assignment of Error {¶ 12} "The trial court erred and abused its discretion by entering a default judgment which violates the `just' provision of Civ.R. 37(B)(2)."
 Fifth Assignment of Error {¶ 13} "The Trial Court, in awarding damages without a hearing and/or without sufficient evidence to support an award of damages violated the constitutional due process rights of the Appellant."
 JURISDICTION {¶ 14} It is well accepted that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. Personal jurisdiction may only be acquired by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by an appearance that waives of certain affirmative defenses, including jurisdiction over the person under the *Page 5 
Rules of Civil Procedure. Maryhew v. Yova (1984), 11 Ohio St.3d 154,464 N.E.2d 538.
 {¶ 15} The record herein clearly demonstrates that at no time was service of summons perfected on the defendant, Daniel L. O'Brien. What the record does demonstrate is that on January 5, 2005 and on May 9, 2005, "interim counsel" for O'Brien filed motions seeking leave to file an answer or otherwise plead, and that on August 11, 2005, an answer was filed raising the affirmative defense of lack of jurisdiction.
 {¶ 16} It is also well accepted that "[a] request by a defendant to the trial court for leave to move or otherwise plead is not a motion or a responsive pleading contemplated by Civ. R. 7, and the obtaining of such order does not * * * submit the defendant to the jurisdiction of the court." Maryhew, supra, at syllabus.
 {¶ 17} In Maryhew, the Supreme Court acknowledged that there "may be some indicia of legal gamesmanship on the part of the defendant and her counsel, in knowing of, but not entering an appearance in the action[.]" Id. at 159. And that observation may be equally applicable here. Nonetheless, the court held that the duty of perfecting service was upon the plaintiff, and since service had not been timely perfected, the trial court was correct in granting a motion to dismiss.
 {¶ 18} This court, in considering the same issue, has determined that a defense of lack of jurisdiction over the person is waived only if it is neither made by motion under Civ.R. 12(B), nor included in a responsive pleading. See Knotts v. Solid Rock Ents., Inc., Montgomery App. No. 21622, 2007-Ohio-1059. Therefore, O'Brien has not waived the defense of lack of jurisdiction, and he has not entered an appearance in the *Page 6 
action that would waive the failure of service upon him.
 {¶ 19} Civ.R. 3 provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant."
 {¶ 20} Because it appears from the record that the within action has not been commenced pursuant to Civ.R. 3, and that the trial court never obtained personal jurisdiction over O'Brien, the trial court's default judgment against O'Brien is a nullity. Therefore, we must sustain O'Brien's first assignment of error, reverse the judgment of the trial court, and remand the matter for further proceedings consistent herewith. The remaining assignments of error are moot.
WOLFF, P.J. and GRADY, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Rifat A. Abuhilwa
Leo F. Krebs
 Hon. Charles D. Steele, Visiting Judge *Page 1