[Cite as *Rice v. Kyte*, 2012-Ohio-841.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

CAROLYN RICE, AS TREASURER  :
OF MONTGOMERY COUNTY, OHIO

   Plaintiff-Appellee     :    C.A. CASE NO.  24607

v.            :    T.C. NO.  10CV1650

STEVEN KYTE, et al.     :    (Civil appeal from
                Common Pleas Court)

   Defendant-Appellant   :

              :

       . . . . . . . . . .

## O P I N I O N

Rendered on the   2nd   day of   March  , 2012.

       . . . . . . . . . .

GEORGE B. PATRICOFF, Atty. Reg. No. 0024506, Montgomery County Prosecutor's Office, 301 W. Third Street, Dayton, Ohio 45422
   Attorney for Plaintiff-Appellee

STEVEN KYTE, 1389 Central Park Avenue, Dayton, Ohio 45409
   Defendant-Appellant

       . . . . . . . . . .

FROELICH, J.

 **{¶ 1}** Steven Kyte appeals from a default judgment in favor of Montgomery County Treasurer Carolyn Rice on the county's tax foreclosure action.

 **{¶ 2}** In February 2010, Rice, in her official capacity as county treasurer, filed a

"Complaint for Foreclosure of Delinquent Real Estate Taxes" against Kyte, alleging that the property located at 1517 Ingomar Avenue in Dayton (permanent parcel number R72 09008 0022) had delinquent taxes in the amount of $6,171.41, which constituted a first and best lien on the property.[1] The fair market value of the property was allegedly $16,990. The complaint indicated that Ktye might have an interest in the property due to a recorded warranty deed executed in 2000. The county treasurer sought foreclosure and the sale of the property.

{¶ 3} Several attempts were made to serve Kyte with the complaint and summons. Service was initially attempted by certified mail to an address on Cardington Road in Dayton; that attempt was unsuccessful. Service was next attempted at an address in Arlington, Texas. That service was returned as "not deliverable as address, unable to forward." In May 2010, service was attempted again at the Cardington Road address. The envelope was returned with a handwritten notation, "Return to Sender. No Longer @ this Address." In June 2010, service was sent by certified mail to a different address in Arlington, Texas; this envelope was also returned as undeliverable as addressed. Next, service by certified mail was attempted at 1389 Central Park Avenue in Dayton. Notices were reportedly left at that address on July 10 and 23, but the envelope was returned on July 27 with the notation "no such number."

{¶ 4} In November 2010, the prosecuting attorney, as counsel for the county treasurer, filed an affidavit for service by publication, indicating that Kyte's last known

---

[1] The complaint also named Associates Financial Services Company, the alleged mortgagee of the property. That company is not a party to this appeal.

address was 1389 Central Park, but his current address could not be ascertained with reasonable diligence. The trial court authorized service by publication. In February 2011, the county treasurer filed proof that a legal notice of the action had been published once each week for three consecutive weeks in the Daily Court Reporter.

{¶ 5} Ktye did not answer the complaint. On March 21, the trial court issued a notice to the parties that the defendants were in default; this notice was sent to Ktye at the Central Park address. Several days later, the county treasurer filed a motion for default judgment; there is no indication in the record that Kyte was served with the motion. On March 31, 2011, the trial court entered a default judgment and decree of foreclosure, and it ordered the sale of the property. The judgment included an instruction to the clerk to notify all parties of the judgment. Kyte filed a notice of appeal on April 26, 2011.

{¶ 6} Kyte's brief does not set forth any assignments of error, as required by App. R. 16(A)(3). Although he does not state any assignments of error, we infer his argument to be that he was not properly notified of the action, requiring reversal or vacation of the default judgment. Kyte indicates that he has been repairing the home that he purchased after his return to Ohio from Texas, he removed the house numbers from the exterior of the house, the numbers were stolen from his porch, and as a result, he did not receive some mail. Kyte's brief indicates that his current mailing address is 1389 Central Park, which was his last known address.

{¶ 7} In order to render a valid judgment, a court must have personal jurisdiction over the defendant. *Abuhilwa v. O'Brien*, 2d Dist. Montgomery No. 21603, 2007-Ohio-4328, ¶ 14. "Personal jurisdiction may only be acquired by service of process

upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by an appearance that waives * * * certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure." *Id*., citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984). "If service of process has not been properly accomplished or waived, any judgment rendered is void ab initio." *Goering v. Lacher*, 1st Dist. Hamilton No. C-110106, 2011-Ohio-5464, ¶ 9, citing *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 366-367, 721 N.E.2d 40 (2000).

**{¶ 8}** "[S]ervice of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 341, 2006-Ohio-5568, 862 N.E.2d 885, ¶ 9 (8th Dist.). The plaintiff bears the burden of properly serving the defendant. *Id.* at ¶ 10.

**{¶ 9}** R.C. 323.25, which governs the enforcement of county tax liens, provides that foreclosures based on liens for past due taxes proceed "in the same way mortgage liens are enforced." Civ.R. 4.1 sets forth the general methods of service of the summons and complaint upon a defendant in Ohio; Civ.R. 4.3 and 4.5 address service on defendants who live out-of-state and in a foreign country, respectively. When the address is known, the plaintiff should effectuate service under those rules. If service cannot be effectuated under those rules, service by publication is permitted by Civ.R. 4.4.

**{¶ 10}** Of relevance to this case, Civ.R. 4.4(A) authorizes service by publication where the residence of the defendant is unknown. That rule provides:

(1) Except in an action governed by division (A)(2) of this rule, if the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.

Upon the filing of the affidavit, the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed. * * * The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown. The publication also shall contain a summary statement of the object of the complaint and demand for relief, and shall notify the person to be served that he or she is required to answer within twenty-eight days after the publication. The publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law. Service shall be complete at the date of the last publication.

After the last publication, the publisher or its agent shall file with the

court an affidavit showing the fact of publication together with a copy of the notice of publication. The affidavit and copy of the notice shall constitute proof of service.

{¶ 11}    When the action is brought by county treasurer to enforce the payment of taxes and service by publication is necessary, the publication need only occur for three consecutive weeks.   R.C. 323.25

{¶ 12}    According to the record, Rice attempted to serve Kyte with the summons and the complaint, by certified mail, at a Cardington Road address (twice), and two different addresses in Arlington, Texas, before trying to serve him at the Central Park Avenue address.   Each of the those attempts at service resulted in notifications that the certified mail was undeliverable.   When service was attempted at the Central Park address, notices were left on July 10 and 23.   Apparently, subsequently delivery could not be made due to an inability to locate the address, and the mail was returned on July 27.   The prosecuting attorney's affidavit for service by publication stated that Kyte's last known address was the Central Park address and that his current address "cannot, with searching the Accruint national search system, with reasonable diligence be ascertained."   Given the multiple unsuccessful attempts at service at various addresses and counsel's statement in the affidavit, the trial court properly permitted service upon Kyte by publication.

{¶ 13}   As required by Civ.R. 4.4(A) and R.C. 323.25, an affividat was filed by an employee of the Daily Court Reporter, indicating that a legal notice had been published once each week for three consecutive weeks, beginning on February 1, 2011.   A copy of the legal notice was attached to the affidavit.   The notice included such information as Kyte's name

and last known address, the plaintiff's name, the case number, the court in which the action was filed, the date the complaint was filed, a summary of the complaint, the deadline for Kyte to file an answer, and the dates on which the legal notice was published.

{¶ 14} The service by publication was performed in a manner reasonably calculated to apprise Kyte of the action and to afford him an opportunity to respond. After Ktye failed to respond to the complaint, the trial court was permitted to enter a default judgment against him. Accordingly, the assignment of error is overruled.

{¶ 15} The trial court's judgment will be affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

George B. Patricoff
Steven Kyte
Hon. Steven K. Dankof