[Cite as *In re S.A.*, 2013-Ohio-3047.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

IN RE: S.A.                           :

                                          :         C.A. CASE NO.    25532

                                          :         T.C. NO.    2010-8794

                                          :         (Civil appeal from Common
                                                            Pleas     Court,     Juvenile
                                                            Division)

                                          :

                                          :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    12th    day of     July    , 2013.

. . . . . . . . . .

PATRICK J. CONBOY II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
       Attorney for Plaintiff-Appellant

D.G., Miamisburg, Ohio 45342
       Defendant-Appellee (Father)

. . . . . . . . . .

DONOVAN, J.

     **{¶ 1}**     Plaintiff-appellant Mother appeals a judgment of the Montgomery County

Court of Common Pleas, Juvenile Division, overruling her objections and adopting the decision of the magistrate which awarded custody of S.A. to defendant-appellee Father.

{¶ 2}  The magistrate's decision awarding Father legal custody of S.A. was issued on October 18, 2012.  On November 16, 2012, the trial court issued its judgment adopting the decision of the magistrate.  Mother filed a timely notice of appeal with this Court on December 14, 2012.

{¶ 3}  The instant action commenced on April 12, 2012, when Father filed a motion for change of custody regarding his daughter, S.A., born January 26, 2009. Instructions for service to Mother were filed by Father on April 12, 2012.  On April 30, 2012, a summons was sent to Mother at her last known residence in Indiana regarding the motion for change of custody and the accompanying hearing scheduled to be held on July 16, 2012.  The summons was sent by both certified mail and regular mail.  On July 25, 2012, a notice of failure of service was filed with respect to the summons issued by certified mail.  Conversely, the summons sent by regular mail was not returned, and there is no indication in the record that it was sent back or otherwise refused.

{¶ 4}  On August 1, 2012, the magistrate granted a continuance of the custody hearing at the request of Mother.  The reason for Mother's request does not appear in the record.  The magistrate rescheduled the hearing by entry dated for October 12, 2012.  On October 10, 2012, just two days before the re-scheduled hearing, Mother filed a motion with the magistrate to continue the October 12, 2012, hearing date. In her motion, Mother stated that the she was pregnant and, according to her doctor, at a high risk for miscarriage.  Thus, Mother argued that she was unable to travel from Florida where she resided at the time.  In

support of her motion, Mother faxed a letter from her doctor citing complications from her pregnancy as the reason she could not travel by air.

{¶ 5}  Nevertheless, the magistrate proceeded with the custody hearing on October 12, 2012, as scheduled.  Father attended the hearing, but Mother did not.  On October 18, 2012, the magistrate issued its decision granting custody of S.A. to Father.  Mother filed timely objections to the magistrate's decision on October 29, 2012.  On November 16, 2012, the trial court overruled Mother's objections and adopted the decision of the magistrate.

{¶ 6}  It is from this judgment that Mother now appeals.

{¶ 7}  Mother's first assignment of error is as follows:

{¶ 8}  "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING FATHER'S MOTION FOR CHANGE OF CUSTODY."

{¶ 9}  In her first assignment, Mother contends that the trial court erred in adopting the decision of the magistrate granting Father's motion for change of custody.  Specifically, Mother argues that she was not properly served with a copy of the motion to change custody, and she did not "voluntarily or involuntarily submit to the jurisdiction of the Court."  Accordingly, Mother asserts that the judgment against her is void.

{¶ 10}  Personal jurisdiction can be obtained through service of process pursuant to the Civil Rules, voluntary appearance, or waiver. *Turner v. Duncan*, 2d Dist. Montgomery No. 20208, 2004-Ohio-6790, citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984).  Without personal jurisdiction, a trial court is without authority to render judgment against a party to an action. *Id*. at 156.  Pursuant to Civ. R. 75(J), Father was required to

obtain service of process over Mother in order to invoke the court's continuing jurisdiction to hear his motion for a change in custody. *In re Seitz*, 11th Dist. Trumbull No. 2002-T-0097, 2003-Ohio-5218. The determination of the sufficiency of service of process is within the sound discretion of the trial court. *Enroute Card v. Roysden*, 2d Dist. Greene No. 96 CA 100, 1997 WL 435700 (Aug. 1, 1997).

{¶ 11} In the instant case, it is apparent from the record that the summons sent on April 30, 2012, by certified mail was returned on July 25, 2012, as unclaimed. The Clerk also sent service of the summons by regular mail on April 30, 2012. Civ. R. 4.6(D) governs regular mail service and states as follows:

> If a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. *Service shall be deemed complete when the fact of*

*mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.* If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail.

{¶ 12}   Pursuant to the foregoing rule, service is effective when the fact of mailing is entered on the record, unless the ordinary mail envelope is returned undelivered.   In *State v. Cheatham*, 2d Dist. Greene No. 92-CA-57, 1992 WL 371846 (December 18, 1992), the plaintiff contemporaneously sent notice of a support arrearage hearing to the defendant by certified mail and regular mail.   On appeal, the defendant argued that by doing so the plaintiff failed to comply with the service requirements in Civ. R. 4.6(D), and he was, therefore, not properly served notice of the hearing. *Id*.   The plaintiff acknowledged that rather than wait until the certified mail had been returned as unclaimed before sending the hearing notice to the defendant by regular mail, she sent the notice utilizing both methods simultaneously. *Id*.   Upon review, we held that service on defendant had, in fact been achieved by regular mail when we found the following:

Although [plaintiff] jumped the gun by sending the regular mail notice prematurely[,] we fail to see how the [defendant] sustained any prejudice in this case. [The defendant] does not dispute that he received regular mail notice of the May 19, 1992, hearing in time to defend the motion. *** [The defendant's] due process rights under the Federal and Ohio Constitutions were not violated. *Cheatham*, 2d Dist. Greene No. 92-CA-57.

{¶ 13} The ordinary mail envelope containing the summons was not returned as

undelivered in the instant case. Under these circumstances, a presumption arises that proper service has been perfected, as long as the ordinary mail was sent to an address where there is a reasonable expectation that it will be delivered to the defendant. *Portfolio Recovery Assoc., L.L.C. v. Thacker*, 2d Dist. Clark No. 2008 CA 119, 2009-Ohio-4406. Because the ordinary mail envelope containing the summons was not returned as undelivered, it was reasonable for the magistrate to conclude that service had been perfected on Mother at 5748 Wyckfield Way, Indianapolis, Indiana 46220, where the letter was sent by ordinary mail pursuant to Civ. R. 4.6. In light of our holding in *Cheatham,* Mother was not prejudiced when Father contemporaneously sent notice of the custody hearing to her by certified mail and regular mail. Significantly, Mother provided the trial court with no evidentiary materials to support her claim that she did not receive service of the summons at that address, and she appeared by seeking and obtaining a continuance of the initial hearing date of July 16, 2012. Thus, the trial court did not abuse its discretion when it found that service of the summons for the custody hearing was perfected on Mother.

**{¶ 14}** Mother's first assignment of error is overruled.

**{¶ 15}** Mother's second and final assignment of error is as follows:

**{¶ 16}** "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR CONTINUANCE OF THE HEARING DATE."

**{¶ 17}** In her final assignment, Mother argues that the trial court erred when it implicitly overruled her motion for a continuance of the custody hearing filed on October 10, 2012. Mother, however, failed to object to the magistrate's denial of her motion for continuance before the trial court. Juv.R. 40(D)(3)(b)(iv) provides: "(iv) *Waiver of right to*

*assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(a)(iii) requires a magistrate's decision to include conspicuous language informing the parties of their responsibility to object to, rather than simply appeal, the magistrate's decision.

{¶ 18} The magistrate's decision issued on October 18, 2012, complied with Juv.R. 40(D)(3)(a)(iii). Mother failed to object to the magistrate's decision regarding the denial of her motion for continuance filed on October 10, 2012, as required by Juv.R. 40(D)(3)(b)(iv). As the Supreme Court of Ohio has noted, the "failure to follow procedural rules can result in forfeiture of rights." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997). Absent a showing of plain error, Mother's argument has been waived for purposes of appeal since she failed to object below. "'In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' (Citation omitted)." *In the Matter of A.J.S. & R.S.*, 2d Dist. Miami No. 2007 CA 2, 2007-Ohio-3433, ¶ 16. After a thorough review of the record, there is no evidence of plain error in this case. The magistrate had already granted one continuance at Mother's request. The request was made on the eve of the second scheduled hearing, and there is no evidence Mother could not

have traveled via automobile in order to attend the hearing.

{¶ 19}   Mother's second and final assignment of error is overruled.

{¶ 20}   All of Mother's assignments of error having been overruled, the judgment of the trial court is affirmed.

DONOFRIO, J., concurs.

FROELICH, J., concurring in judgment:

{¶ 21}   Civ.R. 4 requires that the clerk shall issue a summons for service upon each defendant.

{¶ 22}   Civ.R. 4.1 lists all methods of service of the original complaint.   It provides for service by the clerk by certified or express mail or by commercial carrier service.   Civ.R. 4.6(D) states that "[i]f *** certified mail envelope attempting service *** is returned with an endorsement stating that the envelope was unclaimed, the clerk [upon request of the attorney at whose instance process was issued] shall send by ordinary mail a copy of the summons and complaint."

{¶ 23}   Civ.R. 5 provides how service shall be made of pleadings and other papers subsequent to the original complaint; it permits service by "mailing it to the person's last known address by United States mail, in which event service is complete upon mailing." Civ.R. (5)(B)(2)(c).

{¶ 24}   By the explicit language of Civ.R. 4.6, ordinary mail service of the original complaint cannot be requested or made until the certified mail is unclaimed.   Completion of this "process is necessary to clothe the trial court with the jurisdiction to proceed." *In Re: B.P.H.,* 12th Dist. Butler No. CA2006-04-090, 2007-Ohio-1366, ¶ 14.   The *B.P.H.* court

distinguished our *Cheatham* case based on the fact that *Cheatham* dealt with service of a notice of hearing to establish child support not, as in *B.P.H.*, the original service of a summons and complaint for legal custody. Moreover, the original pleading in *Cheatham* was a request to register a foreign support order pursuant to URESA; it was sent by certified mail and was returned unclaimed. Subsequently, "the Clerk served [the defendant] with copies of the registration of the foreign support order." *Cheatham* at *1.

{¶ 25} Here, the original action commenced when Father filed a motion for change of custody; it was not service of papers "subsequent to the original complaint," therefore, service could not be by ordinary mail until certified mail was attempted and returned unclaimed and the attorney then requests ordinary mail service.

{¶ 26} My review of the record does not find that regular mail was ever sent to Mother. The Instructions for Service of the Motion completed by Father on April 12, 2012, requests "residential service" at an Indianapolis address. The print-out of the Juvenile Court's "Docket Entry History" reflects that service by certified mail was issued to Mother on April 30, and, on July 26, the history notes "service failed for the following reason: refused/unclaimed. . . ." However, on April 30, the "history" further only says "[D.G.] issued return N/A with a summons-custody on April 30, 2012, via regular mail."

{¶ 27} "It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Personal jurisdiction over a party may be obtained not only through proper service of process, but also by the voluntary appearance of the party or by actions of the party that constitute an involuntary submission to the jurisdiction of the court.

*Id.* The record does support a finding that the Plaintiff-Appellant Mother submitted herself to the jurisdiction of the court.

{¶ 28} She requested and obtained a continuance of the August hearing until October; shortly before that scheduled October date she filed a motion to continue it and faxed a physician's letter to the court. At no time did she object to the court's proceeding, only that she wanted the matter continued.

{¶ 29} In her objections, filed on October 29, to the magistrate's decision of October 18, she raised concerns about what she deems to be false information provided by Father and attached documentation in support of her position on custody. It is true that she writes, "As well, until October 24, 2012 I had received no paperwork from the courts." However, she knew, well before October 24, the nature of the scheduled hearings and requested continuances of them without suggesting that she objected to the court's proceedings with the hearing.

{¶ 30} Civ.R. 12(H)(1) provides that a "defense of lack of jurisdiction over the person...is waived...(b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course." A reasonable interpretation of her brief statement is that she did not receive the magistrate's decision until October 24; it does not raise a defense of lack of jurisdiction over the person.

{¶ 31} In *Vance v. Nichols*, 2d Dist. Darke No. 1697, 2007-Ohio-3819, petitioner filed for a civil stalking protection order. The ex parte order was denied, but the petition was set for a second hearing because "Respondent requested a second hearing." Prior to the

new date, the Respondent filed a handwritten motion for a continuance stating she needed the delay to request time off work and to contact her attorney. The court did not grant the second continuance and the Respondent did not appear. We held that "Regardless of whether [respondent] received [petitioner's] petition, she consented to the court's personal jurisdiction over her when she filed her motion for continuance." *Id.* ¶ 8.

{¶ 32} In our case, Appellant argues that the trial court lacked personal jurisdiction to rule on the petition because she did not receive service of process in a timely manner.

{¶ 33} A party seeking to challenge a void judgment must file a motion to vacate or set aside the judgment. *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161, 631 N.E.2d 1120 (10th Dist. 1993). A party should not file a Civ.R. 60(B) motion for relief from judgment in order to have a void judgment vacated or set aside, since Civ.R. 60(B) motions apply only to judgments that are voidable rather than void. See the 1970 Staff Note to Civ.R. 60(B). The power to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus.

{¶ 34} Nevertheless, where a party attempts to vacate a void judgment through a Civ.R. 60(B) motion, courts treat the motion as a common law motion to vacate or set aside the judgment, finding that it is "not significant" that the motion has been styled as a Civ.R. 60(B) motion. *CompuServe*, 91 Ohio App.3d at 161, citing *U.S. Sprint Communications Co. v. Mr. K's Foods, Inc.*, 10th Dist. Franklin No. 90AP-629, 1990 WL 250516 (Dec. 31, 1990). Regardless, the appeal before us is not of a motion to vacate or a R. 60 motion.

{¶ 35} I would not find that every motion for continuance is a submission to the

court's jurisdiction.   But on direct appeal and with the record in this case, the trial court did not err in holding that it had personal jurisdiction over the Appellant and, therefore, I concur in the affirmance.

. . . . . . . . . .

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Patrick J. Conboy, II
D.G.
Hon. Nick Kuntz