[Cite as *Community Gain v. Anderson*, 2024-Ohio-1191.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

COMMUNITY GAIN                          :
                                        :
        Appellees                       :       C.A. No. 29847
                                        :
v.                                      :       Trial Court Case No. 2022 CV 5406
                                        :
DONNIE ANDERSON, et al.                 :       (Civil Appeal from Common Pleas
                                        :       Court)
        Appellant                       :
                                        :

. . . . . . . . . . .

O P I N I O N

Rendered on March 29, 2024

. . . . . . . . . . .

DONNIE ANDERSON, Pro Se Appellant

SCOTT S. DAVIES, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Donnie Anderson, pro se, appeals from judgments of the Montgomery County Court of Common Pleas, which granted a default judgment to Community Gain and appointed it as receiver of his real property. Anderson claims that the trial court erred in allowing Community Gain to serve him by publication. Community Gain concedes error, and we agree. Accordingly, the trial court's judgments will be vacated, and the matter will be remanded for further proceedings.

## I. Facts and Procedural History

{¶ 2} On December 2, 2022, Community Gain, an Ohio nonprofit corporation, brought suit against Donnie and Sonyetta Anderson, alleging that their multi-family residential property located at 1709-1723 Kings Mill Court in Dayton was a public nuisance. Pursuant to R.C. 3767.41, Community Gain sought to be named as receiver for the property, to be authorized to offer the property for sale after abatement of the public nuisance, and for the trial court to confirm the subsequent sale of the property. The Montgomery County treasurer was also named in the action as an interested party.

{¶ 3} Community Gain requested that the Andersons be served at an address on Londondale Road in West Chester, Ohio. The record reflects that the complaint and summons were sent by FedEx, which attempted to deliver them on December 5, 6, and 7, 2022, at 3:52 p.m., 2:55 p.m., and 11:28 a.m., respectively. For all three instances, FedEx noted "Customer not available or business closed."

{¶ 4} On January 6, 2023, the trial court issued a notice that the Andersons had not been served. Of relevance here, it noted that regular mail service could not be issued pursuant to Civ.R. 4.6(D) where service was attempted by commercial carrier (i.e., FedEx) and the return of service was marked "unclaimed."

{¶ 5} On January 20, 2023, Community Gain moved to serve the Andersons by publication under Civ.R. 4.4. It supported its motion with an affidavit from its attorney, Scott Davies, who stated that "Counsel attempted to have Defendants Donnie Anderson and Sonyetta Anderson served at the last known address. That service has not been returned either successfully or rejected." Davies Aff., ¶ 2. Davies further stated that the

address for the Andersons was unknown and that service of summons could not be made on them within the state of Ohio. *Id.*, ¶ 3-4. Four days later, the trial court granted the motion.

{¶ 6} Community Gain proceeded with service by publication. The Andersons did not file an answer or otherwise respond to the complaint. On March 22, 2023, the trial court issued a notice that service had been perfected on the Andersons and that they were in default for answer or appearance.

{¶ 7} On April 26, 2023, Community Gain moved for a default judgment against the Andersons and requested a hearing on the appointment of Community Gain as receiver to execute its plan to abate the public nuisance. After a hearing on June 1, 2023, the trial court issued two judgments, one granting the default judgment and ordering a hearing for that day and the second appointing Community Gain as receiver of the Andersons' Kings Mill Court property.

{¶ 8} Donnie Anderson appeals the trial court's judgments.

## II. Service on the Andersons

{¶ 9} In his sole assignment of error, Anderson claims that the trial court erred in permitting service by publication. He states that the affidavit in support of the motion for service by publication was made in bad faith, contained false statements, and failed to meet the minimum standards required by Civ.R. 4.4 and Civ.R. 4.12.

{¶ 10} Civ.R. 4.4 authorizes service by publication where a party's address is unknown. Before service by publication may be made, the party requesting service or that party's counsel must file an affidavit with the court, averring (1) that service of

summons cannot be made because the residence of the party to be served is unknown to the affiant; (2) all of the efforts made to ascertain the residence of the party to be served; and (3) that the residence of the party to be served cannot be ascertained with reasonable diligence. Civ.R. 4.4(A)(1).

{¶ 11} In interpreting Civ.R. 4.4, the Supreme Court of Ohio has stated that "[r]easonable diligence requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address. Certainly a check of the telephone book or a call to the telephone company * * * [or checking] the city directory, a credit bureau, county records such as auto title department or board of elections, or an inquiry of former neighbors [constitute probable sources to check]. These examples do not constitute a mandatory checklist. Rather, they exemplify that reasonable diligence requires counsel to use common and readily available sources in his search." *Sizemore v. Smith*, 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983); *Weatherspoon v. Weatherspoon*, 2d Dist. Montgomery No. 23393, 2010-Ohio-3248, ¶ 63. We recognize that some of these examples may be outdated and that other sources may be more commonly used today.

{¶ 12} A plaintiff's averment in an affidavit that a defendant's address cannot be ascertained with reasonable diligence creates a "rebuttable presumption that reasonable diligence was exercised." *Sizemore* at 331; *Weatherspoon* at ¶ 63.

{¶ 13} On appeal, Anderson argues that Community Gain's attorney failed to detail the efforts made on the organization's behalf to ascertain the Andersons' residence. He notes that Davies failed to explain why he believed the address provided to FedEx was

not his address and why he believed that the Andersons did not live in Ohio.   Anderson emphasizes that the complaint and summons were sent to his correct residential address, with the exception that his residence is on Londondale Drive, not Londondale Road.   He further indicates that all of FedEx's delivery attempts occurred during business hours when many people are at work.

{¶ 14} In response, Community Gain concedes that Anderson may not have been properly served notice of the lawsuit prior to the hearing on appointing Community Gain as receiver of Anderson's property.   Community Gain asks us to remand this matter to the trial court so that Anderson may be properly served with the complaint and may participate in trial court's determination of the merits of the action.

{¶ 15} Upon review of Davies' affidavit and given Community Gain's concession that service was not properly performed, we agree with the parties that Davies' affidavit was deficient.   The affidavit did not identify any effort made on Community Gain's behalf to ascertain the Andersons' address, nor did it indicate that the Andersons' residence could not be ascertained with reasonable diligence.   Accordingly, the trial court erred in permitting service by publication.

{¶ 16} Anderson's assignment of error is sustained.

### III. Conclusion

{¶ 17} The trial court's judgments will be vacated, and the matter will be remanded for further proceedings.

. . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.