[Cite as *McManus v. Anderson*, 2025-Ohio-2542.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JOHN MCMANUS, AS TREASURER OF MONTGOMERY COUNTY, OHIO | : | C.A. No. 30401 |
| | : | Trial Court Case No. 2024 CV 5063 |
| Appellees | : | |
| | : | (Civil Appeal from Common Pleas Court) |
| v. | : | |
| HEATHER ANDERSON, ET AL. | : | **FINAL JUDGMENT ENTRY & OPINION** |
| Appellant | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 18, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

[[Applied Signature]]
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

Lewis, J., and Huffman, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30401

HEATHER ANDERSON, Pro Se Appellant
MICHELE PHIPPS, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Heather Anderson, pro se, appeals from a default judgment in favor of Montgomery County Treasurer John McManus on his tax foreclosure claim. For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On September 26, 2024, McManus, in his official capacity as the county treasurer, filed a complaint for foreclosure of delinquent real estate taxes against Anderson, alleging that the residential property located at 308 South Gettysburg Avenue had delinquent taxes in the amount of $25,708.64. According to the complaint, real estate taxes for the property were last paid in tax year 2011, and the taxes were certified as delinquent in 2012. The Montgomery County Auditor had included the property on a master tax list of delinquent tracts. The fair market value was allegedly $46,610.

{¶ 3} The complaint indicated that Anderson might have an interest in the property due to a quit claim deed executed in July 2022. The Ohio Department of Taxation was also named as a party due to multiple certificates of judgment against prior owners. The Ohio Department of Taxation was served and asserted its interest in the property.

{¶ 4} Service by certified mail was attempted on Anderson at the Gettysburg address and at the address listed for her on the quit claim deed. Service was unsuccessful at the prior address with the comment "attempted not known." The record does not contain a

return of service for the Gettysburg address.

{¶ 5} On October 29, 2024, the Treasurer requested service on Anderson at both addresses via FedEx. Delivery at the Gettysburg address was attempted at 2:15 p.m., 2:02 p.m., and 2:05 p.m., on November 4, 5, and 6, respectively. FedEx also attempted delivery at Anderson's prior address at 12:41 p.m., 12:48 p.m., 2:10 p.m., on the same three dates, respectively. The attempted service was unsuccessful.

{¶ 6} On November 25, 2024, the county prosecutor, as counsel for the Treasurer, sought service by publication. In his affidavit in support of service by publication, the prosecutor averred that Anderson's last known addresses were 308 South Gettysburg and the prior address. He stated that her current address could not "with reasonable diligence be ascertained using Accurint, a national search database." The prosecutor further indicated that service of summons could not be made on her within the state of Ohio, that service by publication was allowed by R.C. 2703.14, and legal notice of publication was governed by R.C. 5721.18.

{¶ 7} Two days later, the trial court permitted service by publication. A legal notice was published three times in the Dayton Daily News, the last occurring on December 16, 2024. When Anderson did not file an answer, the trial court instructed the Treasurer to file a motion for default judgment, which he did. The Treasurer filed a final judicial report along with the motion.

{¶ 8} On February 7, 2025, the trial court entered a default judgment against Anderson and a judgment and decree of foreclosure. It concluded that the Treasurer had the first lien in the amount of $28,155.66 and that the State was a junior lienholder based on five certificates of judgment. It ordered Anderson's interest foreclosed and the property sold at a sheriff's sale for not less than $28,155.66.

{¶ 9} Anderson appeals from the trial court's judgment. Her appellate brief does not set forth any assignments of error as required by App.R. 16(A)(3). However, she makes two general arguments: first, that she did not receive anything about the unpaid property taxes until she received the trial court's judgment, and second, that she needed until January 2026 to begin a payment plan due to health issues. Her reply brief further raises that she did not receive a final notice of foreclosure or a formal notice of the right to redeem the property; she again reiterated her desire to cure the deficiency and redeem the property.

## II. Service of Process and Jurisdiction

{¶ 10} We begin with Anderson's argument that she did not receive notice of the foreclosure action until she received the trial court's judgment. Anderson states that she resides at the Gettysburg address.

{¶ 11} To render a valid judgment, a court must have personal jurisdiction over the defendant. *Rice v. Kyte*, 2012-Ohio-841, ¶ 7 (2d Dist.). A court can obtain personal jurisdiction over a party through service of process pursuant to the Civil Rules, voluntary appearance, or waiver. *In re S.A.*, 2013-Ohio-3047, ¶ 10 (2d Dist.).

{¶ 12} The Treasurer's appellate brief details the notice procedures set forth in R.C. 5721.18(B). However, neither the case caption, the prayer for relief, the published notice, nor the mailing to Anderson comports with R.C. 5721.18(B) and R.C. 5721.181, which R.C. 5721.18(B) incorporates. Moreover, the record does not show that the Treasurer caused a notice of foreclosure to be published within 30 days of filing the complaint, as required by R.C. 5721.18(B)(1). We infer that this action was brought under R.C. 5721.18(A) instead. Under that statutory provision, tax foreclosure proceedings must be instituted and prosecuted in the same manner as mortgage foreclosures. R.C. 5721.18(A).

{¶ 13} Civ.R. 4.1 details the types of service permitted in Ohio courts. Civ.R.

4.1(A)(1) allows the clerk to serve process by United States certified mail with return receipt requested or by a commercial carrier service using any form of delivery requiring a signed receipt. Civ.R. 4.1(A)(1)(a) and (b). The delivering postal employee or commercial carrier must return a receipt showing "to whom delivered, date of delivery, and address where delivered." *Id.*

{¶ 14} If the certified mail is unclaimed, the serving party may then request ordinary mail service. Civ.R. 4.6(D). "[S]ervice by ordinary mail is deemed complete when (1) the clerk enters the fact of mailing upon the record, and (2) the ordinary mail envelope is not returned to the court with an endorsement showing failure of delivery." *Prestige Fin. Servs., Inc. v. Baldwin*, 2025-Ohio-1395, ¶ 8 (2d Dist.), quoting *Kirner & Boldt Co., L.P.A. v. Alman*, 2020-Ohio-1505, ¶ 6 (8th Dist.).

{¶ 15} Where a party's residence is unknown, "service shall be made by publication in actions where such service is authorized by law." Civ.R. 4.4(A)(1). As relevant here, service by publication is permitted "[i]n an action for the recovery of real property or of an estate or interest in real property, when the defendant is not a resident of this state or his [or her] place of residence cannot be ascertained." R.C. 2703.14(A). However, in tax foreclosure cases, publication occurs for three weeks, rather than the six weeks required by Civ.R. 4.4(A). R.C. 5721.18(A). Service is complete at the expiration of three weeks after the date of first publication. *Id.*

{¶ 16} Before service by publication may be made, the party requesting service or that party's counsel must file an affidavit with the court, averring (1) that service of summons cannot be made because the residence of the party to be served is unknown to the affiant; (2) all of the efforts made to ascertain the residence of the party to be served; and (3) that the residence of the party to be served cannot be ascertained with reasonable diligence.

Civ.R. 4.4(A)(1). A plaintiff's averment in an affidavit that a defendant's address cannot be ascertained with reasonable diligence creates a "rebuttable presumption that reasonable diligence was exercised." *Sizemore v. Smith*, 6 Ohio St.3d 330, 331 (1983); *Weatherspoon v. Weatherspoon*, 2010-Ohio-3248, ¶ 63 (2d Dist.).

{¶ 17} In a tax foreclosure case under R.C. 5721.18(A), the prosecuting attorney may cause service to be made simultaneously by certified mail, return receipt requested, ordinary mail, and publication if the prosecuting attorney determines that service upon a defendant may be obtained ultimately only by publication. R.C. 5721.18(A).

{¶ 18} In this case, the Treasurer attempted service by certified mail at the property address and Anderson's prior address. The return receipt for the prior address suggested that Anderson no longer lived there. The record does not contain a return receipt for the property address or any United States Postal Service tracking information. Service by FedEx was attempted during the early afternoon on three consecutive days at each address, but the summons were not delivered. After these efforts failed, the prosecutor indicated that Anderson's current address could not be ascertained with reasonable diligence using a national search database. On this record, the trial court did not err in permitting the Treasurer to use service by publication. See *Kyte*, 2012-Ohio-841, ¶ 13 (2d Dist.).

{¶ 19} As required by Civ.R. 4.4(A), an affidavit was filed by an employee of the Dayton Daily News, indicating that a legal notice had been published once each week for three consecutive weeks, with the last publication on December 16, 2024. A copy of the legal notice was attached to the affidavit. The notice included such information as Anderson's name and last known addresses (the Gettysburg address and address on the quit claim deed), the plaintiff's name, the case number, the court in which the action was filed, the date the complaint was filed, a summary of the complaint, the deadline for

Anderson to file an answer, and the dates on which the legal notice was published (December 2, 9, and 16, 2024).

{¶ 20} The service by publication was performed in a manner reasonably calculated to apprise Anderson of the action and to afford her an opportunity to respond. After Anderson failed to file an answer, the trial court was permitted to enter a default judgment against her. Accordingly, Anderson's challenge to the default judgment based on lack of service is overruled. We note that nothing in this opinion precludes Anderson from asking the trial court to vacate the default judgment due to lack of service.

### III. Additional Claims for Relief

{¶ 21} Anderson further asks us to stay the foreclosure proceedings and for opportunities to pay the overdue taxes and to redeem the property. She also raises that she did not receive notice of the foreclosure judgment or her right to redeem the property.

{¶ 22} We summarily overrule Anderson's requests for a stay of the default judgment and for an opportunity to redeem the property. These arguments do not raise any issues with the trial court's default judgment, and we cannot grant the relief she seeks.

{¶ 23} Anderson further asserts that she did not receive notice of the final notice of foreclosure or formal notice of her right to redeem the property. She cites R.C. 5721.37 (foreclosure on tax certificate) and R.C. 323.25 (county treasurer enforcing past due taxes), neither of which is applicable.

{¶ 24} The judgment on appeal ordered Anderson's interest in the Gettysburg property to be foreclosed and the property sold. Under Civ.R. 58(B), notice of a judgment is required to be sent to "all parties not in default for failure to appear." Because Anderson did not appear in the action, the clerk was not required to send her notice of the judgment. Even if notice to Anderson were required, the clerk's failure to serve notice would not have

affected the validity of the judgment.    Civ.R. 58(B).

## IV. Conclusion

**{¶ 25}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.