[Cite as *Community Gain v. Johnson*, 2026-Ohio-1211.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| COMMUNITY GAIN | : | |
| Appellee | : | C.A. No. 30465 |
| | : | Trial Court Case No. 2023 CV 03204 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| JANIENE JOHNSON, et al. | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on April 3, 2026, the judgment of the trial court is vacated, and the matter is remanded for further proceedings consistent with the opinion.

Costs to be paid by Appellee.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and TUCKER, J., concur.

JOSEPH C. LUCAS, Attorney for Appellant
SCOTT S. DAVIES, Attorney for Appellee Community Gain

HUFFMAN, J.

{¶ 1} Janiene Johnson appeals from a decision denying her Civ.R. 60(B) motion for relief from default judgment in favor of Community Gain, a non-profit organization in Montgomery County. In her motion, Johnson had also sought a determination that the judgment was void for lack of proper service. Because service by publication was not proper under the circumstances, the judgment of the trial court finding Johnson in default, declaring her property a public nuisance, and appointing Community Gain as receiver is vacated, and the matter is remanded for further proceedings.

## Facts and Procedural History

{¶ 2} On June 20, 2023, Community Gain filed a complaint against Johnson for the abatement of a public nuisance by receivership. The Montgomery County Treasurer was also a named defendant. The trial court's docket reflects that on the same date, service of process was issued via FedEx to Johnson at an address on Taylor Avenue in Columbus, Ohio. On July 4, 2023, the service was returned by FedEx as unsuccessful. The return of service reflected that FedEx attempted service on June 22, 26, 27, and 28, 2023.

{¶ 3} In its complaint, Community Gain alleged that Johnson owned property on Kings Highway and that the residence at that address had been vacant for a number of years. According to Community Gain, the property was a public nuisance for many reasons. The residence had missing walls, boarded up and broken windows, and a roof collapsing in spots with falling gutters. Trash and debris were strewn about the property, the property was

2

uninhabitable, and the yard was overgrown. The complaint stated that Johnson was aware of these conditions and failed to make repairs. Community Gain asserted that it had a financial and construction plan to abate the nuisance and to make the residence habitable, as required under R.C. 3767.41(D). It asked the court to declare the property a public nuisance, to be appointed as a receiver to execute the plan, and to authorize Community Gain to sell the property following the plan's completion, with the court then confirming the sale.

{¶ 4} On July 24, 2023, the court issued notice that Johnson had not been served with the complaint. The court directed Community Gain to respond within 14 days or be subject to the dismissal of its complaint. On June 29, 2023, the Montgomery County Treasurer filed an answer.

{¶ 5} On August 23, 2023, service was issued to Johnson via FedEx at an address on Alaska Avenue in Cincinnati. The return of service filed with the court on August 29, 2023, noted "Incorrect Address" as the reason for unsuccessful service.

{¶ 6} On October 19, 2023, the court issued another notice regarding the failure of service upon Johnson, giving Community Gain 14 days to respond. On October 25, 2023, Community Gain filed a motion for service by publication. The attached affidavit of counsel stated that Community Gain unsuccessfully attempted service upon Johnson at two addresses, that her current address was unknown, and that service of summons could not be made within the state of Ohio. Counsel averred that R.C. 2703.14 applied and requested service by publication for a period of six weeks. The court granted the motion. On November 10, 2023, the legal notice and deposit for publication was filed with the court.

{¶ 7} On December 29, 2023, proof of publication was filed. The notice reflected that Johnson's last known address was on Taylor Avenue in Columbus.

3

{¶ 8} On January 25, 2024, the court issued a notice of default judgment indicating that service was perfected on Johnson and that she had 14 days to respond. On February 1, 2024, Community Gain filed a motion for default judgment, and the court set the matter for a hearing on March 29, 2024.

{¶ 9} On April 11, 2024, the court granted the default judgment and determined the Kings Highway property to be a public nuisance. The court indicated that notice for the hearing was posted at the Kings Highway property on February 15, 2024, "more than the required 28 days prior to the hearing," and that Johnson failed to appear or defend within 28 days from when service was perfected. The court deemed the allegations in the complaint to be admitted. Also on April 11, 2024, the court, by separate entry, appointed Community Gain as receiver of the property, concluding that there was no other interested party willing or able to abate the nuisance. The court found that Community Gain presented a viable plan to abate the nuisance, and it granted Community Gain the powers of a receiver set forth in R.C. 3767.41(F). The order stated that Community Gain would remain the receiver until the plan was completed and a final report requesting a hearing was filed.

{¶ 10} On July 23, 2024, Johnson filed the motion for relief from judgment and sought a determination that the judgment was void for lack of service. She disputed the allegations in the complaint and argued that since buying the property in 2021, she had spent $22,000 on a new roof, removed a large amount of debris from the property, gutted the interior down to the studs, began renovation, and made substantial payments toward the tax balance due. Johnson further asserted that she was entitled to relief pursuant to Civ.R. 60(B)(1) and that her motion was timely filed. Also on July 23, 2024, Johnson filed an answer to Community Gain's complaint, as well as an affidavit in support of her Civ.R. 60(B) motion. Community Gain opposed Johnson's motion for relief from judgment. The court held a hearing on

4

Johnson's motion on February 11, 2025. On April 3, 2025, the court issued an entry that denied Johnson's motion, finding that service by publication was proper. Johnson filed a notice of appeal on May 4, 2025.

{¶ 11} Before addressing Johnson's assigned errors, we review the transcript of the February hearing and the court's decision denying Johnson's motion. Fred Burkhardt testified on behalf of Community Gain that he was aware of Johnson's address from county records, and he performed searches for Johnson on specific search engines. He identified a printout from the auditor's office that listed the address for Johnson on Taylor Avenue in Columbus, the same address listed on the complaint, and he stated that Community Gain originally attempted service there unsuccessfully. He testified that he learned of another address for Johnson on Alaska Avenue in Cincinnati, and service there was also unsuccessful. None of the information provided by Burkhardt regarding the efforts made to ascertain Johnson's residence was included in the affidavit for publication.

{¶ 12} In ruling in favor of Community Gain, and despite the lack of required information in the affidavit for service by publication, the trial court determined that Johnson had failed to rebut the presumption that Community Gain "utilized reasonable diligence in its search to identify a valid address" for Johnson, and that "even if the presumption was successfully rebutted, [Community Gain] has nevertheless proven that it exercised reasonable diligence in attempting to locate a valid address for [Johnson]."

{¶ 13} After observing that the auditor's office maintains current mailing addresses for property owners within the county for purposes of mailing any necessary correspondence, including correspondence related to property taxes, the court found that "searching the records maintained by the [a]uditor's office was a step which an individual of ordinary prudence would reasonably expect to be successful in locating a valid address."

5

The court noted that Community Gain had unsuccessfully attempted service at the address the auditor's office listed, even though that information was not included in the affidavit in support of service by publication. The court further determined that Community Gain unsuccessfully attempted service at the Alaska Avenue address before initiating service by publication, information again not included in the affidavit supporting the original motion for service by publication. Based on the totality of the facts and circumstances, the court found that Community Gain "sufficiently demonstrated that it took steps which an individual of ordinary prudence would reasonably expect to be successful in locating a valid address" for Johnson. Accordingly, the court concluded that service by publication was proper.

{¶ 14} Regarding Johnson's Civ.R. 60(B) motion, the court found that it was made within a reasonable time and that Johnson "demonstrated that she would have a meritorious claim or defense to present if relief was granted" as the owner of the property. The court noted that Johnson argued entitlement to relief from the default judgment based upon "mistake, inadvertence, surprise or excusable neglect" but concluded that Johnson's failure to timely file a responsive pleading was "a result of her own carelessness, inattention, and willful disregard of the processes." The court found that she was not entitled to relief from judgment pursuant to Civ.R. 60(B)(1).

<strong>Assignments of Error and Analysis</strong>

I. Service

{¶ 15} In her first of two assignments of error, Johnson argues that the trial court erred in its findings that Community Gain had taken reasonable steps to achieve service and that the judgment was not void for lack of jurisdiction. She argues that as a real estate investor with "a small handful of properties," it "would [have been] very easy and require[d] minimal cost to send service requests to all properties associated with [her] name." Johnson argues

6

that service by publication "is a method of last resort and is disfavored in Ohio." According to Johnson, it "is unjust and [in]equitable for [her] to lose equity amounting to tens of thousands of dollars in her property without ever being able to be heard on the merits because there was a default judgment based on service by publication."

{¶ 16} In addition to her argument under Civ.R. 60(B), Johnson argues, in part, that the default judgment was void based upon a lack of proper service. "To render a valid judgment, a court must have personal jurisdiction over the defendant." *McManus v. Anderson*, 2025-Ohio-2542, ¶ 11 (2d Dist.), citing *Rice v. Kyte*, 2012-Ohio-841, ¶ 7 (2d Dist.). "A court can obtain personal jurisdiction over a party through service of process pursuant to the Civil Rules, voluntary appearance, or waiver." *Id.*, citing *In re S.A.*, 2013-Ohio-3047, ¶ 10 (2d Dist.). A "default judgment rendered by a court without obtaining service over the defendant is void and the defendant is entitled to vacation of the judgment." *Khatib v. Peters*, 2017-Ohio-95, ¶ 30 (8th Dist.), citing *Broadvox, L.L.C. v. Oreste*, 2009-Ohio-3466, ¶ 11 (8th Dist.). The void judgment "may be collaterally attacked at any time." *Deutshe Bank Natl. Trust Co. v. Boswell*, 2011-Ohio-673, ¶ 23 (1st Dist.). "The authority to vacate a void judgment is not derived from Civ.R. 60(B); it is an inherent power possessed by Ohio courts." *Ellison v. K 2 Motors, L.L.C.*, 2023-Ohio-1871, ¶ 12 (10th Dist.).

{¶ 17} Civ.R. 4.4(A)(1) states that "when service of process is required upon a party whose residence is unknown, service shall be made by publication in actions where such service is authorized by law." R.C. 2703.14 also governs service by publication. Relevant here, division (I) of the statute provides that service by publication may be made

[i]n an action that relates to or the subject of which is real or personal property in this state, when the defendant has or claims a lien on the property or an actual or contingent interest in the property or the relief demanded consists

7

wholly or partly in excluding him from any interest in the property, and the defendant is not a resident of this state or is a foreign corporation or his place of residence cannot be ascertained.

{¶ 18} Prior to such service, the party requesting it or that party's counsel must file an affidavit with the court averring (1) that service of summons cannot be made because the residence of the party to be served is unknown to the affiant; (2) all of the efforts made to ascertain the residence of the party to be served; and (3) that the residence of the party to be served cannot be ascertained with reasonable diligence. Civ.R. 4.4(A)(1). "A party seeking to serve by publication must strictly comply with the rule's requirements." *American Tax Funding, LLC v. Robertson Sandusky Properties*, 2014-Ohio-5831, ¶ 26 (1st Dist.), citing *Anstaett v. Benjamin*, 2002-Ohio-7339, ¶ 14 (1st Dist.), citing *Moor v. Parsons*, 98 Ohio St. 233 (1918).

{¶ 19} As this court has noted:

In interpreting Civ.R. 4.4, the Supreme Court of Ohio has stated that "[r]easonable diligence requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address. Certainly a check of the telephone book or a call to the telephone company * * * [or checking] the city directory, a credit bureau, county records such as auto title department or board of elections, or an inquiry of former neighbors [constitute probable sources to check]. These examples do not constitute a mandatory checklist. Rather, they exemplify that reasonable diligence requires counsel to use common and readily available sources in his search." *Sizemore v. Smith*, [6 Ohio St.3d 330, 332 (1983)]; *Weatherspoon v. Weatherspoon*, [2010-Ohio-3248, ¶ 63 (2d Dist.)]. We recognize that some of

8

these examples may be outdated and that other sources may be more commonly used today.

A plaintiff's averment in an affidavit that a defendant's address cannot be ascertained with reasonable diligence creates a "rebuttable presumption that reasonable diligence was exercised." *Sizemore* at 331; *Weatherspoon* at ¶ 63.

*Community Gain v. Anderson*, 2024-Ohio-1191, ¶ 11-12 (2d Dist.)

**{¶ 20}** In *Community Gain*, as here, the organization obtained a default judgment and was appointed as a receiver of the Andersons' real property. Counsel for Community Gain filed an affidavit for service by publication that stated that "'Counsel attempted to have Defendants . . . served at the last known address. That service has not been returned either successfully or rejected.'" *Id.* at ¶ 5. Counsel further averred that the address of the Andersons was unknown and that service of summons could not be made on them within the state of Ohio. *Id.* Community Gain conceded on appeal that the affidavit was deficient. This court found that the trial court erred in permitting service by publication where Community Gain's affidavit for service by publication "did not identify any effort made on Community Gain's behalf to ascertain the Andersons' address, nor did it indicate that the Andersons' residence could not be ascertained with reasonable diligence." *Id.* at ¶ 15.

**{¶ 21}** The same is true here. Counsel for Community Gain averred as follows in the affidavit for service by publication:

2. This action was commenced with the Complaint filed on June 20, 2023. Counsel attempted to have Defendant Janiene Johnson served at two separate addresses that were the last known addresses. That service has been unsuccessful.

9

3. The address for the Defendant Johnson [is] unknown.

4. Service of summons cannot be made within this state on Defendant Janiene Johnson and this action is one of those mentioned in Section 2703.14 of the Ohio Revised Code; and that service by publication is warranted by Ohio Civil Procedure 4.4 for a period of 6 weeks.

{¶ 22} For the reasons set forth in *Community Gain*, counsel's affidavit in support of service by publication was deficient. It did not identify the efforts made to obtain Johnson's address, and it did not indicate that her address could not be ascertained with reasonable diligence. Accordingly, the trial court erred in failing to find the judgment void and grant Johnson's motion to vacate the judgment based on lack of service. Johnson's assignment of error is sustained.

## II. Civ.R. 60(B)

{¶ 23} Based on our resolution of Johnson's first assignment of error, we do not reach the merits of her second assignment of error, in which she argues that the trial court erred in overruling her Civ.R. 60(B) motion for relief from judgment because she demonstrated she would have had a meritorious defense. Because Johnson was not properly served with Community Gain's nuisance complaint, the court lacked jurisdiction over her when it entered its judgment against her.

## Conclusion

{¶ 24} Because Community Gain's affidavit for service by publication was deficient under Civ.R. 4.4, the trial court erred in failing to grant the motion to vacate the void judgment. Accordingly, the trial court's judgment granting default judgment, finding the property to be a public nuisance, and appointing Community Gain as receiver is vacated. The matter is remanded for further proceedings.

10

. . . . . . . . . . . . .

LEWIS, P.J., and TUCKER, J., concur.